| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Armen Shaghzo, Esq.<br>100 W. Broadway, Suite 540<br>Glendale, CA 91210<br>818-241-8887<br>California State Bar Number: **178802**<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for Debtor* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>Pegazus Sports Marketing and Consultant, Inc.<br><br>Debtor(s). | CHAPTER __7__<br>CASE NUMBER **2:11-bk-24929**<br><br>DATE: **May 5, 2011**<br>TIME: **9:30 a.m.**<br>CTRM: **1539**<br>FLOOR: |
|---|---|

## RESPONSE TO MOTION FOR ORDER TO TERMINATE, ANNUL, MODIFY, OR CONDITION THE AUTOMATIC STAY UNDER 11 U.S.C. §362 AND DECLARATION(S) IN SUPPORT
(MOVANT:  Gene Hammett and Action Seating Inc.  )
(RESPONDENT: ☒ Debtor ☐ Trustee ☐ Other: _____ )

**GENERAL NOTE:** *A request for additional time is **not** usually an adequate response in opposition to the Motion. This Response and supporting declaration(s) and other admissible evidence must be filed with the Court and served pursuant to the Local Bankruptcy Rules.*

1. ☐ **NON-OPPOSITION:** Notice is hereby given that the Respondent does not oppose the granting of the Motion.

**NOTE:** *If you do not oppose the Motion, there is no need to appear at the hearing scheduled in the Motion.*

2. ☐ **LIMITED OPPOSITION -- APPEARANCE REQUIRED:** Respondent opposes the Motion only to the extent that it seeks immediate relief from stay. Respondent requests that no lock out, foreclosure, or repossession shall take place before *(specify date)*:

The reason for this request is *(specify)*:

*(Continued on next page)*

This form is OPTIONAL. It has been approved for use by the United States Bankruptcy Court for the Central District of California

January 2009                                                                                                         F 4001-1M.RES

| In re | |
|---|---|
| **Pegazus Sports Marketing and Consultant, Inc.** | CHAPTER: __7__ |
| | CASE NO.: **2:11-bk-24929** |
| Debtor(s). | |

3. ☒ **OPPOSITION -- APPEARANCE REQUIRED:** Notice is hereby given that the Respondent opposes the granting of the Motion for the reasons set forth below.

   a. Respondent disputes the allegations/evidence contained in the Motion. As shown in the Declaration(s) filed with this Response:

   ☐ The value of the Property is $ _____, based upon *(specify)*: _____

   ☐ Total amount of debt (loans) on the Property is $ _____.

   ☐ More payments have been made to Movant than the Motion has accounted for. True and correct copies of canceled checks proving the payments that have been made are attached as Exhibit _____.

   ☐ The Property is necessary for an effective reorganization. Respondent has filed or intends to file a plan requiring the Property. A true and correct copy of the Plan is attached as Exhibit _____.

   ☐ The Property is insured. A true and correct copy of the policy currently in effect is attached as Exhibit _____.

   ☐ The Movant's description of the status of the unlawful detainer proceeding is not accurate. See attached Declaration for Respondent's evidence.

   ☒ Respondent denies that this bankruptcy was filed in bad faith or improperly. See attached Memorandum of Points and Authorities.

   ☐ Debtor would be prejudiced if the lawsuit or administrative proceeding is allowed to continue outside the bankruptcy court. See attached Declaration regarding Respondent's contentions.

   ☐ Service of the Motion: ☐ Not all parties were served ☐ Insufficient notice of the hearing

   ☐ Incorrect address used for *(specify)* _____

   ☒ Other *(specify)*: No trial or other determination hearing pending in the State Court action.

   b. Respondent asserts:

   ☐ Case has been converted from Chapter _____ to Chapter _____.

   ☐ All postpetition arrears will be cured by the hearing date.

   ☐ The Debtor has equity in the Property in the amount of $ _____.

   ☐ Movant has an equity cushion of $ _____ which is sufficient to provide adequate protection.

   ☐ The Property is necessary for an effective reorganization because *(specify reasons why)*:

   ☒ The Motion should be denied because *(specify)*: **See attached Memorandum of Points and Authorities attached hereto.**

*(Continued on next page)*

| In re | CHAPTER: 7 |
|---|---|
| **Pegazus Sports Marketing and Consultant, Inc.** | CASE NO.: **2:11-bk-24929** |
| Debtor(s). | |

4.  **EVIDENCE IN SUPPORT OF RESPONSE AND SUPPORTING PAPERS:**

**NOTE RE SUPPORTING PAPERS:** *Declarations in opposition to the Motion **MUST** be attached hereto. Any individual signing a declaration must have personal knowledge of the facts stated in it and should attach any supporting documents, if possible. You may attach a Memorandum of Points and Authorities if you desire, but is not required.*

**NOTE RE SERVICE OF RESPONSE AND SUPPORTING PAPERS:** *Pursuant to the Local Bankruptcy Rules, you must file with the Bankruptcy Court Clerk this completed Response along with supporting declaration(s) signed under penalty of perjury, AND also serve a copy of the Response and declaration(s) on the Movant's attorney (or Movant, if no attorney), the Bankruptcy Trustee, the United States Trustee, and all other parties to the Motion.*

Pursuant to the Local Bankruptcy Rules, attached hereto are the following papers in support of this Response:

☒ Declaration by Debtor                  ☐ Declaration by Debtor's Attorney

☐ Declaration by Trustee                 ☐ Declaration by Trustee's Attorney

☐ Declaration by Appraiser               ☒ Memorandum of Points and Authorities (*optional*)

☐ Other (*specify*):

Dated: **April 21, 2011**

Respectfully submitted,

**Pegazus Sports Marketing and Consultant, Inc.**
Respondent's Name

**Shaghzo & Shaghzo Law Firm, APC**
Law Firm Name (if applicable)

By: _[signature]_
    Signature

Name:   **Armen Shaghzo, Esq. [sbn 178802]**
        Attorney for Respondent or Pro Se Respondent

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION.

Debtor Pegazus Sports and Marketing Consultants, Inc. (hereafter the "Debtor" or "Pegazus") opposes this Motion to Lift the Automatic Stay. Movants erroneously represented that there is a trial date scheduled for July 13, 2011 which is not true since the State Court vacated all future trial dates and trial related hearings. Debtor Pegazus is not financially viable, and thus it is unable to continue to incur the expenses of state court litigation.

The Debtor filed for protection under Chapter 7 of the United States Bankruptcy code on February 11, 2011. The case number is 2:11-bk-15897-TD. David Bunevacz, (hereinafter referred to as "Bunevacz") the Debtor's sole director and shareholder, was out of the state and thus unable to appear for the Meeting of Creditors set pursuant to §341. Pegazus did attempt to continue the hearing with the US. Bankruptcy Trustee and sought judicial relief through an *Ex Parte* Application which this Court denied. Unfortunately, there was no way for Bunevacz to appear for the meeting of creditors on behalf of the Debtor corporation and the case was dismissed on April 4, 2011.

The Debtor then **immediately** re-filed its bankruptcy on April 6, 2011 and has every intention of appearing for the Meeting of Creditors in this new case. Neither the initial bankruptcy nor the current bankruptcy filings were made in bad faith, and there is no evidence to the contrary.

In this case Movants are praying for two kinds of relief:

1. Relief from Stay to proceed in State Court;

2. Injunctive relief against the officer and principals of the Debtor's shareholder and other members of his family with a Section 109(g) bar, ( a highly prejudicial injunctive request) without any legal and factual basis.

### 2. STATEMENT OF FACTS.

In 2008 David Bunevacz offered for sale released blocks of tickets to the 2008 Summer Olympics in Beijing to Gene Hammett and his company Action Seating without issue. As such, David Bunevacz and his company Pegazus Sports And Marketing Consultants, Inc. (hereafter the

"Debtor" or "Pegazus") planned to do the same for the 2010 Winter Olympics in Vancouver. Bunevacz, Pegazus and Gene Hammett, along with his company, Action Seating, Inc. had an existing business relationship following Hammett's purchase of 2008 Summer Olympics tickets from Bunevacz. As a result, in 2008, Bunevacz and Pegazus agreed to enter into another contract with Gene Hammett and Action Seating for the sale of an even larger amount of tickets for the 2010 Winter Olympics at the price of Three Million Dollars ($3,000,000.00). The Debtor, Pegazus, has one officer and shareholder, David Bunevacz, and was created in 2009. In order to pay for these large quantities of tickets, Gene Hammett and his company Action Seating entered into a series of promissory notes with Mocra, a Hong Kong company that Gene Hammett and Action Seating agreed to repay, but failed to do so.

Thereafter, the Debtor and Gene Hammett and Action Seating entered into a written Purchase Agreement to govern the terms of their relationship with Mocra supplying the money and the Olympic Tickets held as collateral for the repayment by Gene Hammett and Action Seating. The Purchase Agreement, which contained a confidentiality clause, also incorporated a Promissory Note to Mocra, wherein Gene Hammett and Action Seating acknowledged that, by virtue of the Promissory Note, Mocra had a security interest in and a lien against the tickets. Eventually, Gene Hammett and Action Seating failed to repay the loans pursuant to the Purchase Agreement and incorporated Promissory Notes, and as a result, defaulted on the final Promissory Note between themselves and Mocra.

### A. **Hammett and Action Seating Engaged in 2010 Winter Olympic Ticket Ponzi Scheme**

Bunevacz and Pegazus entered into an agreement with Gene Hammett and Action Seating to purchase thousands of 2010 Winter Olympic Tickets. The parties agreed and Bunevacz and Pegazus insisted that no Olympic ticket were to be sold prior to full payment and delivery. Unfortunately, Gene Hammett and Action Seating pre-sold Olympic tickets (that they didn't have in violation of law) in order to have the funds to pay for such tickets. Gene Hammett and Action Seating were short one million dollars to pay Mocra but still wanted the tickets. As a result of Gene Hammett and Action Seating's default, Mocra exercised its rights under the Promissory

Note and claimed the 2010 Winter Olympics tickets.

After Gene Hammett and Action Seating breached the Purchase Agreement and Promissory Notes by failing to remit payment for the outstanding balance due, Gene Hammett and Action Seating proceeded to further violate the contract by turning over a copy of the confidential Purchase Agreement, unauthorized taped telephone conversations, and other related confidential documents to the Seattle Times in an attempt to thwart lawsuits from angry Olympic ticket holders that Gene Hammett and Action Seating promised tickets to and took their money but failed to provide them with any tickets. Gene Hammett and Action Seating also divulged a plethora of confidential information regarding the negotiation of the Purchase Agreement and related Promissory Notes to the same media outlet. Several of those statements were published in an article in the Seattle Times on February 28, 2010.

### B. The State Court Action is Stayed and No Future Trial Date Pending

Presently, there is no trial date or trial setting date pending in the State Court Action (BC432901). Thereafter, Bunevacz filed a state court lawsuit against Gene Hammett and Action Seating in the Los Angeles Superior Court (Case No. BC432901) for the following: (1) Breach of Contract; (2) Fraud; (3) Invasion of Privacy-False Light; (4) Invasion of Privacy-Illegal Recording; (5) Defamation; and (6) Declaratory Relief. Gene Hammett and Action Seating filed a cross-complaint against Bunevacz, Pegazus, and other related and unrelated parties claiming, in essence, breach of contract. Gene Hammett and Action Seating breached the deal and failed and to meet their payment commitment by over One Million U.S. Dollars, Pegazus was unable to operate or continue as a viable entity. Pegazus has a claim against Gene Hammett and Action Seating.

3. **THE MOVANT HAS NOT MET ITS BURDEN FOR RELIEF FROM THE AUTOMATIC STAY AFFORDED BY LAW TO THE DEBTOR(S) THAT IS THE ESSENSE OF THE PROTECTION OFFERED BY THE BANKRUPTCY CODE**

The Movant seeks relief from the automatic stay, which is a staple of the protection afforded by the Bankruptcy Code, based on the grounds that the claims are non-dischargeable in nature, and the matter can be resolved more expeditiously in the non-bankruptcy forum and that the bankruptcy filing was in bad faith specifically to delay, hinder or interfere with prosecution of the non-bankruptcy action. The Movant is simply wrong on both counts.

The decision whether to terminate the stay to allow the creditor to pursue pending state-court litigation against debtor is discretionary with the Bankruptcy Court, and must be made on a case-by-case basis, based on the unique circumstances of each case. (*In re Johnson*, Bkrtcy.D.Minn.1989, 115 B.R. 634; see also, *Frederick County Nat. Bank v. Lazerow*, D.Md.1992, 139 B.R. 802.) Allowing a matter to proceed in another forum "may" constitute "cause" for relief from stay; however, in deciding whether to grant relief, the court must weigh the interest of the estate against hardships that will be incurred by creditor plaintiff. (*In re Parkinson*, Bkrtcy.C.D.Ill.1988, 102 B.R. 141.)

Here, the facts remain that Debtor Pegazus is seeking protection of the bankruptcy court because it is not financially viable, and thus it is unable to continue to incur the expenses of state court litigation, especially in light of the fact that Debtor Pegazus was specifically created for this business transaction and the Movant's breach of the Purchase Agreement and Promissory Notes forced the debtor into the situation whereby bankruptcy protection is required. Debtor's sole officer, David Bunevacz, himself initiated the state court complaint against the Movant's serious of causes of actions including but not limited to breach of contract, and illegal recording. Although Bunevacz remains as an officer of the Debtor Pegazus, he cannot continue to litigate on behalf of a company that is not financially viable. As such, Pegazus had no alternative but to file for bankruptcy protection.

**C    The Bankruptcy Forum Is The Proper Venue For Movants' And Debtor's Claims Against Each Other.**

In the case at hand, the determination of Movant and Debtor's claims against one another will be related to Debtor's Chapter 7 case, in fact it is the basis of Debtor's bankruptcy case.

Movant's claim that the state court proceedings will bear no importance on the Bankruptcy plan is unwarranted and plainly untrue because the "Corporation" which is the subject of the state court lawsuit is one of the major reasons for debtors filing Bankruptcy, and it is connected to Debtor's only potential creditor.

Based on the foregoing reasons not only will it be judicially economical for the Bankruptcy Court to be the proper forum for debtor and the alleged creditor's claims against debtor, and Debtor's potential claim against the alleged Creditors. Pegazus with all of its connected claims is a "core" subject for the Bankruptcy Court's jurisdiction and an essential one for this particular bankruptcy.

Movants' claim that they are prejudiced by the stay due to a significant amount of discovery which has yet to been conducted, which is not true. However, Movants fail to explain that several volumes of discovery have been requested and served, the Movants have sent out over two dozen (24) subpoenas, deposition notices, and sought documents from foreign and domestic banks, the US Olympic Committee and sought out of state commissions to seek documents and subpoenas to unrelated third parties.

As such, if any further discovery is needed, which is unlikely, the more streamlined venue would be the bankruptcy court. Any and all efforts of discovery and material gathered by Movants and efforts of discovery can be utilized in the Bankruptcy Court proceedings. Thus, Movants will not be prejudiced. Furthermore, Movants are entitled to similar discovery tools in Bankruptcy Court as they would be in State Court and thus will have an opportunity to conduct any depositions, if warranted, which Movants did not get an opportunity to conduct in the State Court matter. <u>The procedure in Federal court is far more streamlined and more to the point than in State Court</u>. Thus, if Debtor is required to proceed by way of an adversary proceeding in Federal Court, it would be far more expeditious and cost effective because of the Federal Rules of Procedure and rules that apply to disclosure. Thus any alleged prejudice claimed by Movants would be moot.

Civil proceedings that do not "arise under" or "arise in" a bankruptcy case are still subject to district court jurisdiction if they are "otherwise related to" a bankruptcy case. (See 28 USC

§1334(b).) Bankruptcy courts may abstain from hearing matters that are only tangentially related to the bankruptcy case. *Id.* The test for determining whether a civil proceedings is "related to" bankruptcy is "whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. *In re Fietz* (9th Cir. 1988) 852 F2d 455, 457.

"Among factors that bankruptcy court may consider in deciding whether 'cause' exists for lifting stay in order to allow action to proceed are: whether relief will result in partial complete resolution of issues in action; extent to which prosecution of action will interfere with bankruptcy case; whether action involves debtor as fiduciary; whether specialized tribunal has been established to hear action and whether that tribunal has special expertise; whether debtor's insurance carrier has assumed full financial responsibility for defending action; whether action essentially involves nondebtor third parties; whether action will prejudice interest of other creditors, creditors' committee or other interested parties; whether judgment claim arising from action would be subject to equitable subordination under bankruptcy statute; whether movant's success in action would result in judicial lien avoidable by debtor; *interest of judicial economy; whether action has progressed to a point where parties are prepared for trial; and the impact of stay on parties and the balance of hurt.*" (*In re Unanue-Casal*, D.Puerto Rico 1993, 159 B.R. 90, affirmed 23 F.3d 395.)

Three factors are considered in balancing the competing interest of debtors and movant in determining whether sufficient cause exists to modify automatic stay: (1) ***prejudice that would be suffered should stay be lifted***; (2) balance of hardships facing parties; and (3) probable success on merits if stay is lifted. *In re Continental Airlines, Inc.*, D.Del.1993, 152 B.R. 420. In this action, Gene Hammett and Action Seating cannot even provide facts how they would proceed on the merits.

Factors to be considered when determining whether to lift the automatic stay for cause include whether modification of the stay to allow litigation to conclude in a different forum will *promote judicial economy,* whether issues in the pending litigation involve only state law so that expertise of bankruptcy court is unnecessary, whether relief from the stay would interfere with the bankruptcy case, and whether the estate can be protected properly by a requirement that creditors

1 seek enforcement of any judgment through the bankruptcy court. *In re Claughton*,
2 Bkrtcy.W.D.N.C.1992, 140 B.R. 861, affirmed 172 B.R. 12, affirmed 33 F.3d 4.

3 In the case at hand, the determination of Movant and Debtor's claims against one another will be related to Debtor's Chapter 7 case, in fact it is the basis of Debtor's bankruptcy case. Movant's claim that the state court proceedings will bear no importance on the Bankruptcy plan is unwarranted and plainly untrue because the "Corporation" which is the subject of the state court lawsuit is one of the major reasons for debtors filing Bankruptcy, and includes and is connected to debtor's only potential creditor.

9 Based on the foregoing reasons not only will it be judicially economical for the Bankruptcy Court to be the proper forum for debtor and the alleged creditor's claims against debtor, and Debtor's potential claim against the alleged Creditors. The "Corporation" with all of its connected claims is a "core" subject for the Bankruptcy Court's jurisdiction and an essential one for this particular bankruptcy.

14 While Movants' claim that they are prejudiced by the stay due to a significant amount of discovery which has yet to been conducted by the movant, they fail to explain why such discovery could not be completed in the more streamlined venue of the bankruptcy court and as such their claims are unwarranted. Any and all efforts of discovery and material gathered by movant and co-defendant/cross-complainant's efforts of discovery can be utilized in the Bankruptcy Court proceedings. Thus movant will not be prejudiced by their past efforts. Furthermore, movant is entitled to similar discovery tools in Bankruptcy Court as they would be in State Court and thus will have an opportunity to conduct any depositions, if warranted, which movant did not get an opportunity to conduct. <u>The procedure in Federal court is far more streamlined and more to the point than in State Court</u>. Thus if Debtor is required to proceed by way of an adversary proceeding in Federal Court, it would be far more expeditious and cost effective because of the Federal Rules of Procedure and rules that apply to disclosure. Thus any alleged prejudice claimed by Claimants/Moving parties would be moot.

27 The only evidence submitted purporting to support this otherwise untenable assertion is the Complaint. By virtue of the moving papers themselves, it is axiomatic that:

1. The non-bankruptcy action has been completed sufficient to show that nothing can be accomplished by allowing the non-bankruptcy action to proceed; and

2. Allowing the non-bankruptcy action to proceed will not further the interest of judicial economy.

What the moving papers do reveal, is that granting this motion will only substantially prejudice the Debtor. This is not a case where the Debtor has insurance paying for the defense or potentially resulting judgment.

There are no issues set forth in the Complaint or Cross-Complaint in the state court action that are within the state court's special expertise. The real issue now is whether or not the disputed debt claimed by the Movants are dischargeable or nondischargeable, which is within the special expertise of the bankruptcy court. In fact, the Movants must provide actual fraud in order to make the alleged debt nondischargeable and relief from stay would permit the moving party to pursue its claims that are dischargeable, including breach of contract, unjust enrichment and breach of covenant of good faith and fair dealing. With the filing of the bankruptcy, the issues become more streamlined in that it is only the fraud claims that are at issue. That is the purpose of the adversary proceeding.

As for the claims against the other parties, there is no judicial economy in permitting the claims against the Debtor to be litigated in the state court proceeding because the claims involve different conduct. By the moving party's own admissions in its Cross-Complaint, any conduct by Mocra or Neil White, the officer of Mocra, both of whom are located out of the country and neither of whom have yet to have been properly served.

Additionally, the moving party has named Bunevacz' wife and father without asserting any real allegations as against them. This is a fairly common practice to assert leverage against the real party in interest. But, it should not be rewarded by granting relief from the very stay that the bankruptcy code provides to debtors as an essential protection provided by the bankruptcy code.

The moving party has fallen woefully short in establishing that relief from stay would result in judicial economy and the expeditious and economical resolution of litigation. As such, relief from stay would be improper and would only result in prejudice to the Debtor. The Motion

should be denied.

### B. Movant Has Not And Cannot Establish Bad Faith-Filing of Bankruptcy

The basis on which the movant requests relief is that the bankruptcy was filed in bad faith specifically to delay, hinder or interfere with prosecution of the Non-bankruptcy action. **The creditor seeking relief from the stay has the burden of proving the case was filed in bad faith.** *In re Mallas Enterprises, Inc.* (9th Cir. BAP 1984) 37 BR 964, 967 (emphasis added).

Bad faith, which can provide basis for granting relief from automatic stay, by dismissal of Chapter 7 petition, has both objective and subjective elements. The proponent of bad faith must show both objective evidence of fundamentally unfair result and subjective evidence that debtor filed petition for fundamentally unfair purpose that was not in line with spirit of Bankruptcy Code. (*In re Eatman, Bkrtcy.* S.D.N.Y.1995, 182 B.R. 386.)

The Movant's position that the bankruptcy petition is a calculated attempt to interfere with the non-bankruptcy action is nothing short of an unsupported contention and conclusion of law. Without more, the moving papers fail to establish the **Movants' Burden**.

Furthermore, the Court should consider facts that show that the Debtor PEGAZUS did in fact file this petition in good faith. The first fact is that the State Court complaint was originally filed by Debtor's sole shareholder and officer David Bunevacz against movants and a cross complaint was later filed by the movant. The order of filings shows that Debtor's shareholder has a legitimate belief that they have a valid claim against movant and wanted to eradicate the breach caused by movant. Further, the overall fact that the Debtor is not in a position to incur new debt, obtain new capital for the sole purpose of litigating with the alleged creditors and, or is unable to continue with the expense of litigation and thus is placing itself in the protection of the bankruptcy court does not constitute bad faith. There is nothing in these proceedings or in debtor's petition that is extraordinary to warrant this extraordinary relief of stay or the highly prejudicial injunctive relief requested by movants not just against the Debtor, but all other persons associated therewith.

1  The Bankruptcy Courts and Bankruptcy protections were created exactly for the debtor(s) and its
2  particular situation.

3  The fact that the Debtor had an immediately prior bankruptcy filing is not, in and of itself, evidence of any bad faith. In fact, the Debtor re-filed its bankruptcy immediately upon receiving notice of the dismissal of the initial case rather than waiting for an opportune time to hinder and delay the state court action as the moving party would like for the Court to believe. There is no trial date set pursuant to the state court online docket.

8  Additionally, it must be considered that the Debtor did not simply file its petition and then wait for the Court to dismiss it. The Debtor jumped through hoops attempting to prevent such dismissal by ex parte motion to deal with the Bunevacz' inability to appear for the meeting of creditors.

12  It is obvious, both objectively and subjectively, that the Debtor - a company created for the specific purpose of dealing with the moving party in their contractual relationship - had insufficient assets to mount a defense in the state court which contains amped up allegations of fraud for a breach of contract matter. The irony is that it is the moving party's that actually breached the Purchase Agreement and Promissory Notes by failing to pay approximately One Million for the tickets they wanted to purchase. This failure to pay on the Promissory Notes triggered Mocha's lien on said tickets and penalties against both the moving party and the Debtor. It is the conduct of the moving party's that forced the Debtor to seek protection under the Bankruptcy Code.

**C  Movants' Had Failed to Establish any Bad Faith, or Cause in order to be entitled to the Injunctive Relief Requested**

There is no real evidence of any bad faith on the part of the Debtor, and certainly not enough evidence to carry the burden of the moving party to establish bad faith. As such, the motion for relief should be denied. Furthermore, Movant's fail to understand that Debtor and its principals are potential debtors of this Estate and also of its officer David Bunevacz. An allegation or allegations of these unproven claims and un-liquidated damages are a gigantic leap to establish their veracity through credible evidence. Thus Movant's are unable and factually

1. incapable of meeting the burden of proof to establish bad faith and seek such extreme relief. *In re Padilla* (9th Cir. 2000) 222 F.3d 1184,1193.

   The Debtor filed for protection under Chapter 7 of the United States Bankruptcy code on February 11, 2011. The case number is 2:11-bk-15897-TD. David Bunevacz, (hereinafter referred to as "Bunevacz") the Debtor's sole director and shareholder, was out of the state and thus unable to appear for the Meeting of Creditors set pursuant to §341. Pegazus did attempt to continue the hearing with the US. Bankruptcy Trustee and sought judicial relief through an *Ex Parte* Application which this Court denied. Unfortunately, there was no way for Bunevacz to appear for the meeting of creditors on behalf of the Debtor corporation and the case was dismissed on April 4, 2011.

3. **CONCLUSION**

   Based upon the foregoing, Debtor respectfully requests that this Court deny the Movants' Motion for Relief from Stay and deny any injunctive relief being sought with prejudice.

Dated: 4/21/11

Respectfully submitted,
Shaghzo & Shaghzo Law Firm, APC

By: _____
Armen Shaghzo
Attorney for Debtor

## DECLARATION OF DAVID BUNEVACZ

I, David Bunevacz, declare as follows:

1. I am over the age of eighteen years old. All of the facts contained in my declaration are stated by my own personal knowledge, and I believe the information to be true and correct. If called upon as a witness, I could and would competently testify to the facts set forth herein.

2. I am the President of Debtor, Pegazus Sports Marketing and Consultant, Inc., (hereinafter collectively "Debtor"). I am the sole shareholder of Pegazus Sports Marketing and Consultant, Inc.

3. On or about February 11, 2011, Debtor's Chapter 7 bankruptcy case was filed, and the initial 341(a) hearing was set for March 18, 2011.

4. On or about March 17, 2011 I was required to fly to Hong Kong due to an important business emergency. I returned from Hong Kong on March 21, 2011.

5. As a result of my trip, I was unable to attend my initial 341a hearing on March 18, 2011.

6. During the 341a hearing, the Trustee continued my hearing to March 31, 2011.

7. On or about March 25, 2011, I advised my attorney of my pre-planned business trip to Florida.

8. At that time my attorney made several attempts to continue my hearing set for March 31, 2011 by contacting the Trustee on my case.

9. The Trustee was not willing to continue the matter informally. Per my instructions, my attorney filed an Ex-Parte Application formally asking the Court to continue my hearing. Order from the court was not granted.

10. On or about March 30, 2011, I flew to Florida on a pre-planned business related matter which was unavoidable. I returned from Florida on April 4, 2011.

11. Due to my failure to appear, my case was dismissed on March 31, 2011. The case was dismissed without prejudice.

12. On or about April 6, 2011, my attorney re-filed a Chapter 7 bankruptcy for my corporation.

13. I am the Plaintiff in the State Court action referred to by Movants. I am the person who initiated action against Movants for the reasons stated in the Opposition at length, and not in bad faith.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 21, 2011            __/s/_ *David Bunevacz* /s/_____
David Bunevacz, Declarant
President of Pegazus Sports Marketing and Consultant, Inc.

| In re: | CHAPTER: 7 |
|---|---|
| Pegazus Sports Marketing and Consultant, Inc.          Debtor(s). | CASE NUMBER: 2:11-bk-24929 |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
100 W. Broadway, Suite 540
Glendale, CA 91210

A true and correct copy of the foregoing document described as __RESPONSE TO MOTION FOR ORDER TO TERMINATE, ANNUL, MODIFY, OR CONDIITION THE AUTOMATIC STAY UNDER 11 U.S.C.; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT THEREOF__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On __April 21, 2011__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**United States Trustee (LA)**
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017
ustpregion16.la.ecf@usdoj.gov

**Elissa Miller (TR)**
SulmeyerKupetz
333 S Hope St
35th fl
Los Angeles, CA 90071
213-626-2311
CA71@ecfcbis.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On __April 21, 2011__, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Action Seating, Inc.
c/o Filippo Marchino, Esq.
Law Offices of Filippo Marchino
633 W. 5th Street, Suite 2629
Los Angeles, CA 90071

Gene Hammett
c/o James R. Moriarty, Esq.
Moriarty Leyendecker, PC
4203 Montrose, Suite 150
Houston, TX 77006

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                  **9013-3.1.PROOF.SERVICE**

| In re: | | CHAPTER 7 |
|---|---|---|
| Pegazus Sports Marketing and Consultant, Inc. | Debtor(s). | CASE NUMBER 2:11-bk-24929 |

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 21, 2011**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.
**VIA FACSIMILE**

Action Seating, Inc.
c/o Filippo Marchino, Esq.
Law Offices of Filippo Marchino
633 W. 5th Street, Suite 2629
Los Angeles, CA 90071
Fax: (213) 226-4691

Gene Hammett
c/o James R. Moriarty, Esq.
Moriarty Leyendecker, PC
4203 Montrose, Suite 150
Houston, TX 77006
Fax: (713) 528-1390

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 21, 2011 | Natalie Keshishian | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                    F 9013-3.1