The X-Law Group P.C.
Filippo Marchino, Esq. (SBN 256011)
George Panagiotou, Esq. (SBN 263172)
633 West 5th Street, 26th Floor
Los Angeles, CA 90071
Phone: 213-223-2135



FILED
APR 28 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Pegazus Sports Marketing & Consultant Inc. | REPLY TO OPPOSITION TO MOTION TO LIFT AUTOMATIC STAY<br><br>Chapter 7<br><br>Case No. 2:11-bk-24929 |

### I
### INTRODUCTION

In the opposition papers, Debtor's counsel tries to muddy the waters to cover up the fact that debtor's bankruptcy petitions were filed in bad faith. For example, Debtor's counsel attempts to mislead the court by playing games with semantics, stating that there is no current trial date in the non-bankruptcy action when in fact there was a trial date set for July 13, 2011 that was vacated only as a result of Debtor's first bankruptcy filing. Despite the timing of the bankruptcy petition, Debtor's counsel denies any motive to hinder the state court case. David Bunevacz and counsel provide interesting excuses for their failure to attend two 341 meetings of creditors. Out of desperation, Debtor's counsel even falsely states, without evidence, that Creditor engaged in a Ponzi scheme.

Further, it seems that Debtor is acting in the best interests of David Bunevacz instead of Debtor, despite being made aware of David Bunevacz's fraudulent activity by Creditor's

1

attorneys. Creditor alleges that David Bunevacz looted Debtor and defrauded Creditor out of millions of dollars. Creditor filed a cross-complaint against Debtor in the non-bankruptcy action alleging an elaborate fraud in which Creditor wired nearly $3,000,000, at the direction of Mr. Bunevacz, supposedly for 17,000 tickets to the Vancouver Olympics, who never had any intention of providing a single ticket to Creditor, spent significant amounts of Creditor's funds, as he received it, on gambling at the Bellagio Hotel and Casino in Las Vegas, expensive hotels, golf outings, cars, jewelry, and other outlandish purchases. Despite Mr. Bunevacz transferring millions of dollars outside of the ordinary course of business, Debtor's counsel filed fraudulent bankruptcy schedules omitting those transfers and listing only $100 in assets for Debtor at the time of filing. (See Creditor's Sanctions Motion filed concurrently herewith.)

## II

## ARGUMENT

### A

### Debtor's Counsel is Playing Games with Trial Dates

Debtor's counsel states repeatedly in his opposition papers that there is no trial date pending in the state court proceedings. This is an intentional misrepresentation of the status of the state court proceedings. In his motion to lift the bankruptcy stay, Creditor checked the box indicating that a trial date was set in the state court. **This is true.** On June 22, 2010, the trial court in the non-bankruptcy action set a trial date for May 11, 2011. (Exhibit A, reporter's transcript of proceedings dated June 22, 2010, p. 4:20.) This trial date was continued by stipulation of the parties, and upon approval by the trial court, from May 11, 2011 to **July 13, 2011**. This trial date was pending when debtor filed his first bankruptcy petition, and it was only vacated by the trial court because of the bankruptcy petition.

Debtor's counsel attempts to play games with semantics and give the impression that the state court litigation was not at an advanced stage. The reason for this misleading contention is obvious. Debtor's counsel would like this court to believe that the non-bankruptcy action has not progressed sufficiently to warrant relief from stay and continuation in state court. Put another

way, Debtor's counsel tries to argue that moving the case to Bankruptcy Court would be judicially efficient. In fact, the non-bankruptcy action was filed on March 3, 2010, and litigation in the non-bankruptcy action had been ongoing for almost an entire year before the first bankruptcy petition was filed on February 11, 2011. The intent of the question on the relief from stay form is to see if the trial court action has advanced to a point that makes it judicially inefficient to transfer to the Bankruptcy Court. Debtor's counsel objects to our representation as if the intent of the question is to see how many trial courts plan on violating the automatic stay by proceeding with their trials before reliefs from stay are granted.

<u>B</u>

<u>Mr. Shaghzo and Mr. Bunevacz are Acting as Attorney and Client</u>

Mr. Shaghzo and Mr. Bunevacz are acting as attorney and client, yet **Pegazus** is Mr. Shaghzo's client. David Bunevacz's declaration refers to Mr. Shaghzo as <u>his</u> attorney multiple times, and Mr. Shaghzo did not correct him. (Exhibit B, Declaration of David Bunevacz, ¶¶ 7, 8, 9.) This is important because it seems as though Mr. Shaghzo is acting in the best interests of David Bunevacz and not the Debtor. Opposing counsel makes baseless accusations of operating a Ponzi scheme against Mr. Hammett. The fraudulent bankruptcy petition also attempts to shield David Bunevacz's actions, including looting of the corporation to fund his lavish lifestyle by failing to disclose significant asset transfers outside of the ordinary course of business, such as fraudulent transfers to David Bunevacz's personal gambling account at the Bellagio in Vegas.

<u>C</u>

<u>Debtor's First Bankruptcy Petition was filed for an Improper Purpose</u>

Debtor's counsel claims the bankruptcy was not filed for the improper purpose of delaying and hindering the state court action. The evidence shows otherwise. Opposing counsel filed the first skeletal petition on a Friday afternoon before the Monday morning deposition of a material witness. Creditor's counsel received notice of the bankruptcy filing and the cancellation of the deposition via fax from, Mr. Macias, opposing counsel of the non-bankruptcy action, not the bankruptcy attorney. Mr. Macias sent a fax that afternoon stating: "I just received word that

3

Mr. Hahn will not be appearing at his deposition due to the bankruptcy and the stay." (See Fax) The timing provides evidence that Mr. Shaghzo and Mr. Macias are working together to delay and hinder the state court proceedings.

This is concerning because Mr. Shaghzo has a close and ongoing relationship with Debtor's state court attorney. Mr. Shaghzo's own chapter 13 bankruptcy petition lists Mr. Macias as a Creditor for having provided legal representation to Mr. Shaghzo. During the Chapter 13 case, Mr. Shaghzo even tried to hire Mr. Macias as counsel to recover unpaid legal fees for a client that Mr. Macias and Mr. Shaghzo jointly represented. Similarly, Mr. Macias and Mr. Shaghzo are jointly representing Mr. Bunevacz, instead of maintaining their fiduciary loyalty to their respective clients.

## D

### Neither Debtor nor Its Counsel Attended Any of the Scheduled 341 Hearings

As noted above, Debtor filed its first bankruptcy petition on February 11, 2011. A <u>representative of Debtor did not attend the first scheduled 341 meeting</u>, which was scheduled for March 18, 201. <u>The Debtor's attorney, Mr. Armen Shaghzo, also failed to appear</u>. The reasons that Mr. Shaghzo gave for his and his client's non-appearance at the initial 341 were that *"On February 18, 2011, Debtor's counsel's father died. During that period, Mr. Bunevacz, sole shareholder and director of the Debtor was out of the country and was unable to attend the 341(a)."* (Exhibit C, Declaration of Armen Shagzho, ¶ 5.) Despite Mr. Shaghzo's representations in his declaration that the reason he failed to appear at the initial 341 was his father's death a full month prior to the 341 meeting, no notice was given to Creditor. When Creditor's attorneys appeared at the 341 and saw that debtor and its counsel failed to appear they called Mr. Shaghzo's law firm and were told he was in his office but was unable to speak at the moment because he was meeting with a client. Mr. Shagzho filed an ex parte motion to continue the already reset 341 meeting. When that ex parte motion was denied, <u>both Debtor and its counsel failed to attend the continued 341 hearing</u>.

4

Further, the approximate date of the initial 341 should not have been a secret from Debtor's counsel. FRBP Rule 2003 of the states that the meeting of creditors must be between 20 and 40 days from the filing of the bankruptcy petition. Given that the first bankruptcy petition was filed on February 11, 2011, debtor and its counsel knew that the initial 341 would have been set sometime between March 14, 2011 and April 1, 2011, yet on March 18, 2011, Mr. Bunevacz was in Hong Kong and did not appear. (Exhibit B, Bunevacz Declaration, ¶¶ 4, 5.) Mr. Bunevacz also failed to attend the reset 341, claiming that he "flew to Florida on a pre-planned business related matter which was unavoidable." (Exhibit B, Bunevacz Declaration, ¶ 10.) It is clear that the serial bankruptcy filings are being used to stall, delay and hinder the non-bankruptcy action.

E

Mr. Shaghzo has no Proof that Creditor Engaged in a Ponzi Scheme

By casting false accusations against Creditor such as Ponzi scheme, Mr. Shaghzo attempts to muddy the waters and cover up David Bunevacz's illegal conduct. Mr. Shaghzo has no proof that creditors engaged in a Ponzi scheme. Even the reason that he gave for alleging that Creditor engaged in a Ponzi scheme is not a Ponzi scheme. Selling tickets before you have them is not a Ponzi scheme. If that was the case all of the major electronics stores that presell soon-to-be-released video games would be engaged in massive Ponzi schemes. It is obvious that Mr. Shaghzo is acting as Mr. Bunevacz's counsel by casting false accusations against creditor in an effort to distract the Court from discovering his client's own fraudulent activity and fraudulent bankruptcy petitions filed for improper purposes.

F

We Intend to Keep This Case Open and Use Tools

of the Bankruptcy Court to Recover Assets of Debtor

We desire to prevent Mr. Shaghzo from engaging in serial filing to hinder the state court effort. With only $100 in assets Debtor did not need to rely on bankruptcy system to protect

assets. We also desire to keep the bankruptcy open to enable Pegazus to recover fraudulent transfers made by Mr. Bunevacz.

### G

### We Request that the Court Hold an Evidentiary Hearing

We understand that the time of the court is valuable. Nevertheless, the integrity of the court is being attacked by Mr. Bunevacz. As Mr. Bunevacz has submitted a written declaration showing that he has engaged in good faith filings, we would like to ask Mr. Bunevacz questions under oath to show that he has misled the court and is engaging in bankruptcy fraud.

### III

### CONCLUSION

Based on the foregoing, Creditor respectfully requests that this Court lift the automatic stay on the non-bankruptcy action. Creditor further requests that this Court keep Debtor's bankruptcy case open so that Creditor can use the tools of the bankruptcy court to recover Debtor's assets. Creditor lastly asks that this Court allow for an evidentiary hearing so that Mr. Bunevacz can testify as to his contention that the filing of the bankruptcy petitions were not in bad faith or fraudulent.

THE X-LAW GROUP, P.C.

By:_____
Filippo Marchino, Esq.

Case 2:11-bk-24929-PC   Doc 16   Filed 04/28/11   Entered 05/02/11 15:12:59   Desc
Main Document    Page 7 of 15

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
633 W. 5th Street, Suite 2686, Los Angeles, CA 90012

A true and correct copy of the foregoing document described as **Reply to Response to Motion to Lift Automatic Stay**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **4/28/11**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

The Honorable Peter H. Carroll (via personal delivery to chambers)   Armen Shaghzo (via email and fax)
255 East Temple Street, Suite 1534/Courtroom 1539                    100 W. Broadway, Suite 540, Glendale, CA 91210
Los Angeles, CA 90012                                                 (818) 241-0035 (fax)   AS@Shaghzolaw.com

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 4/28/11 | Anabel Rodriguez | *[signature]* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                           F 9013-3.1.PROOF.SERVICE

## ATTACHMENT TO PROOF OF SERVICE

## (Reply to Response to Motion to Lift Automatic Stay)

United States Trustee LA(via email)

Ustpregion16.la.ecf@usdoj.gov


Elissa Miller (TR) (via email)

CA71@ecfcbis.com

MillerTrustee@Sulmeyerlaw.com;

emiller@ecf.epiqsystems.com

```
 1  NOTICE OR DO YOU WANT TO COME BACK?
 2       MR. MARCHINO:  THERE ARE TWO PEGAZUSES,
 3  YOUR HONOR.
 4       THE COURT:  I UNDERSTAND.
 5       MR. MARCHINO:  WE CAN DO THE DATES NOW.  WE WOULD
 6  LIKE TO RESOLVE THIS MATTER AS QUICKLY AS POSSIBLE.  IF
 7  IT IS FINE FOR YOUR HONOR TO DO IT TODAY, IT IS FINE.
 8       MS. BORLUND:  YOUR HONOR, WE HAVE A DEMURRER TO
 9  THE CROSS-COMPLAINT AS WELL, SO I WOULD PREFER THAT WE
10  PUSH THINGS OUT AT LEAST AS FAR AS THE HEARING ON OUR
11  DEMURRER.  SO IF WE WILL DISCUSS DATES NOW, WE WOULD
12  PREFER THAT THE MEDIATION BE FAR ENOUGH OUT THAT WE CAN
13  AT LEAST GET THE CASE AT ISSUE.
14       THE COURT:  OKAY.  BUT EITHER WAY I WILL GIVE YOU
15  A MAY TRIAL DATE.  YOU MAY AS WELL GET THAT NOW.
16       MS. BORLUND:  MAY OF 2011?
17       THE COURT:  YES.
18       MS. BORLUND:  OKAY.
19       THE CLERK:  MAY 11.
20       THE COURT:  MAY 11 WILL BE THE TRIAL DATE.  THAT
21  IS AT 9:30 A.M.  I KNOW YOU HAVEN'T HAD A CHANCE TO FILE
22  YOUR C.M.C. STATEMENTS.
23            AT LEAST ONE SIDE WANTS A JURY?
24       MR. MARCHINO:  YES, YOUR HONOR.
25       MR. MORIARTY:  YES, YOUR HONOR, ONE SIDE DOES WANT
26  A JURY TRIAL.  WE ALSO NEED TO TALK BRIEFLY ABOUT A
27  MAJOR DISCOVERY ISSUE THAT WE HAVE, IF YOU HAVE TIME FOR
28  US TODAY.
```

```
 1              SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2                    FOR THE COUNTY OF LOS ANGELES
 3   DEPARTMENT 35              HON. DANIEL J. BUCKLEY, JUDGE
 4
     DAVID BUNEVACZ,                  )
 5                                    )
              PLAINTIFF,              )
 6                                    )
                                      )
 7       VS.                          )   NO. BC432901
                                      )
 8   ACTION SEATING, ET AL.,          )
                                      )
 9            DEFENDANT.              )
                                      )
10   _____
     STATE  OF  CALIFORNIA  )
11                          )  SS
     COUNTY OF LOS ANGELES  )
12
13       I, JONATHAN BRUBAKER, CSR 9421, OFFICIAL REPORTER
14   OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR
15   THE COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT THE
16   FOREGOING PAGES, 1 THROUGH 12, COMPRISE A FULL, TRUE,
17   AND CORRECT TRANSCRIPT OF THE PROCEEDINGS TAKEN IN THE
18   MATTER OF THE ABOVE-ENTITLED CAUSE ON JUNE 22, 2010.
19       DATED THIS 27TH DAY OF DECEMBER, 2010.
20
21
22
23
24
                              _____, CSR 9421
25                            JONATHAN BRUBAKER, OFFICIAL REPORTER
26
27
28
```

## DECLARATION OF DAVID BUNEVACZ

I, David Bunevacz, declare as follows:

1. I am over the age of eighteen years old. All of the facts contained in my declaration are stated by my own personal knowledge, and I believe the information to be true and correct. If called upon as a witness, I could and would competently testify to the facts set forth herein.

2. I am the President of Debtor, Pegazus Sports Marketing and Consultant, Inc., (hereinafter collectively "Debtor"). I am the sole shareholder of Pegazus Sports Marketing and Consultant, Inc.

3. On or about February 11, 2011, Debtor's Chapter 7 bankruptcy case was filed, and the initial 341(a) hearing was set for March 18, 2011.

4. On or about March 17, 2011 I was required to fly to Hong Kong due to an important business emergency. I returned from Hong Kong on March 21, 2011.

5. As a result of my trip, I was unable to attend my initial 341a hearing on March 18, 2011.

6. During the 341a hearing, the Trustee continued my hearing to March 31, 2011.

7. On or about March 25, 2011, I advised my attorney of my pre-planned business trip to Florida.

8. At that time my attorney made several attempts to continue my hearing set for March 31, 2011 by contacting the Trustee on my case.

9. The Trustee was not willing to continue the matter informally. Per my instructions, my attorney filed an Ex-Parte Application formally asking the Court to continue my hearing. Order from the court was not granted.

10. On or about March 30, 2011, I flew to Florida on a pre-planned business related matter which was unavoidable. I returned from Florida on April 4, 2011.

11. Due to my failure to appear, my case was dismissed on March 31, 2011. The case was dismissed without prejudice.

12. On or about April 6, 2011, my attorney re-filed a Chapter 7 bankruptcy for my corporation.

13.    I am the Plaintiff in the State Court action referred to by Movants. I am the person who initiated action against Movants for the reasons stated in the Opposition at length, and not in bad faith.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 21, 2011                                  /s/ David Bunevacz /s/
                                                       David Bunevacz, Declarant
                                                       President of Pegazus Sports Marketing and
                                                       Consultant, Inc.

DECLARATION OF DAVID BUNEVACZ - 2

## DECLARATION OF ARMEN SHAGHZO

I, Armen Shaghzo, declare:

1. I am an attorney at law duly licensed to practice before all courts in the State of California and the United States Bankruptcy Court for the Central District of California. I am the attorney of record for Pegazus Sports Marketing and Consultant, Inc., Chapter 7 debtor herein. I know the following facts of my own personal knowledge and if called as a witness to these proceedings, I could and would competently testify thereto.

2. This declaration is made in support of Debtor's *Ex Parte* Application for Order Continuing 341(a) Hearing for a period of 15 days from the continued date of March 31, 2011.

3. I make this Application on the grounds Debtor does wishes to obviate the need to have the file dismissed and re file the case, and for this Court, Office of the United States Trustee or the Trustee, Rund, or any creditor to deem Debtor's filing as a bad faith filing.

4. On or about February 11, 2011, Debtor's case was filed, and the initial 341(a) hearing was set for March 18, 2011.

5. On February 18, 2011, Debtor's counsel's father died. During that period, Mr. Bunevacz, sole shareholder and director of the Debtor was out of the country and was unable to attend the 341(a).

6. As a result of my father's death and Mr. Bunevacz's trip, the Trustee in this case reset the 341(a) hearing without knowing that Debtor's sole director would be out of California for the continued 341(a) hearing date of March 31, 2011.

Debtor's *Ex Parte* Application for Order Continuing 341(a) - 6
In re Pegazus Sports Marketing and Consultant, Inc.
2:11-bk-15897-TD

7. On March 25, 2011, Declarant was informed that Mr. Bunevacz would not be in California and would be unavailable to attend the 341(a) on March 31, 2011. I directed my office to contact the Trustee's office and request a continuance informally. My office was also asked to inform the Trustee's office that if we could not obtain an informal continuance that this office would seek a formal request on an ex parte basis to avoid dismissal of the case. The Trustee's assistant informed my office that she would check with Trustee Rund and let us know on Monday, March 28, 2011.

8. My assistant followed up with Trustee Rund's office and was informed by Laura that the Trustee was not willing to continue the matter informally.

9. I request that this Court grant a 15 day continuance of the 341(a) to avoid the case being dismissed pursuant to LBR 1017-2(b), and as such for the Court, Office of the United States Trustee, Trustee and all interested parties to infer that this case was filed in bad faith.

10. Good cause exists for this application based on the fact that Debtor's 341(a) is currently set for March 31, 2011. There is not enough time for Debtor to seek relief by noticed motion consistent with the time constraints set forth in LBR 9013-1.

11. Pursuant to LBR 9013-1(m), all parties received notice of this *Ex Parte* Application by electronic service and facsimile on March 28, 2011.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

///

//

Debtor's *Ex Parte* Application for Order Continuing 341(a) - 7
In re Pegazus Sports Marketing and Consultant, Inc.
2:11-bk-15897-TD

1  //

2  Executed this **25**<sup>th</sup> day of March, 2011 at Glendale, California.

                                            ARMEN SHAGHZO

Debtor's *Ex Parte* Application for Order Continuing 341(a) - 8
In re Pegazus Sports Marketing and Consultant, Inc.
2:11-bk-15897-TD