ARMEN SHAGHZO, Esq. [SBN 178802]
**SHAGHZO & SHAGHZO LAW FIRM**
535 N. Brand Blvd., Suite 210
Glendale, CA 91203
Tel. No.: (818) 241-8887
Fax No.: (818) 241-0035

Attorneys for Debtor,
PEGAZUS SPORTS MARKETING AND CONSULTANT, INC.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DISTRICT

| | |
|---|---|
| In re: | Case No. 2:11-bk-24929-PC |
| PEGAZUS SPORTS MARKETING AND CONSULTANT, INC. | Chapter 7 |
| | **DEBTOR PEGAZUS SPORTS MARKETING AND CONSULTANT, INC.'S OPPOSITION TO CREDITOR'S MOTION FOR SANCTIONS** |
| | Date: May 31, 2011 |
| | Time: 9:30 A.M. |
| | Ctrm: 1539 |
| | [Filed concurrently with Debtor's Evidentiary Objections to the Exhibits and Declarations Filed in Support of Creditor's Motion for Sanctions] |

DEBTOR PEGAZUS SPORTS MARKETING AND CONSULTANT, INC.'S OPPOSITION
TO MOTION FOR SANCTIONS - 1

Debtor Pegazus Sports Marketing and Consultant, Inc. (hereinafter "Pegazus") hereby submits this opposition to Creditor's Motion for Sanctions as set forth below:

## POINTS AND AUTHORITIES

1. **INTRODUCTION AND PROCURAL SUMMMARY.**

CreditorAction Seating, Inc.'s appearance in this proceeding stems from the State Court action of *Bunevacz v. Action Seating, Inc., et al.* currently pending in the Los Angeles Superior Court, Case number BC432901 (hereinafter "State Court Action") filed on March 3, 2010. In that action, David Bunevacz (hereinafter "Bunevacz") filed a complaint against Gene Hammett (hereinafter "Hammett") and his company, Action Seating, Inc. (hereinafter "Action Seating") based upon breaches of an agreement and other wrongdoing surrounding Action Seating's purchase of 2010 Winter Olympics tickets. Hammett and Action Seating breached the deal and failed and to meet their payment commitment by over One Million U.S. Dollars. After breaching the deal, Hammett and Action Seating disseminated the details of the confidential deal to the Seattle Times. Based upon this wrongdoing, Bunevacz sued Hammett and Action Seating alleging the following causes of action: (1) Breach of Contract; (2) Fraud; (3) Invasion of Privacy-False Light; (4) Invasion of Privacy-Illegal Recording; (5) Defamation; and (6) Declaratory Relief.

In response, Hammett and Action Seating filed a cross-complaint against Pegazus on March 25, 2010, claiming, in essence, breach of contract. After engaging in significant law and motion practice, Pegazus no longer had the resources to continue to operate or to fund its legal defense. Pegazus filed for protection under Chapter 7 of the United States Bankruptcy code on February 11, 2011, case number is 2:11-bk-15897-TD. David Bunevacz, Pegazus' sole director and shareholder, was out of the state and thus unable to appear for the Meeting of Creditors set pursuant to §341. Pegazus attempted to continue the hearing with the US. Bankruptcy Trustee and sought judicial relief through an *Ex Parte* Application which this Court denied. Unfortunately, there was no way for Bunevacz to appear for the meeting of creditors on behalf of the Debtor corporation, and the case was dismissed on April 4, 2011. Pegasuz then immediately re-filed its bankruptcy on April 6, 2011, this currently pending proceeding. Thereafter, Creditor's

sought and obtained Relief from the Automatic Stay pursuant to 11 U.S.C. §362(d)(1) on May 5, 2011 as to the State Court Action.

Creditor filed the Motion for Sanctions (hereinafter "Motion") on April 28, 2011, seeking sanctions against Debtor and its counsel pursuant to LBR 9011. On May 5, 2011, Creditor filed declarations, a week after filing their moving papers, attesting only to the amount of time counsel spent on activities related to the instant bankruptcy, including but not limited to the motion for relief from stay. Based on the arguments set forth herein, the Motion for Sanctions is procedurally, technically and legally improper and should be denied.

## 2. ARGUMENT.

### A. The Motion Provides no Basis for Awarding Sanctions under Rule 9011 or §105.

Rule 9011 provides two bases for the imposition of sanctions: (a) if the paper is frivolous in the sense that after reasonable inquiry, the sanctioned party could not form a reasonable belief that the paper is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; or (b) if the paper is filed for an improper purpose. *Caldwell v. Farris (In re Rainbow Magazine, Inc.)*, 136 B.R. 545, 550 (9th Cir. BAP 1992) (overruled on other grounds by *Lockary v. Kayfetz*, 974 F.2d 1166 (9th Cir. 1992). The imposition of sanctions is a very serious matter that should only be imposed when the actions fall squarely within the purview of Rule 9011. (*In re MAS Realty Corp.*, 326 B.R. 31, 37 (Bankr. D. Mass. 2005).) The standard for imposition of sanctions under Rule 9011 is the reasonableness of the conduct under the circumstances. (*In re Film Ventures International, Inc.*, 89 B.R. 80, 83 (9th Cir. BAP 1988).) As set forth below, Creditor has failed to provide any admissible evidence upon which the Court might determine if any conduct falls within the purview of Rule 9011 or upon which the Court might evaluate the reasonableness of the conduct under the circumstances.

The Court additionally has power to sanction conduct not falling within Rule 9011. (*In re Rainbow*, 136 B.R. 545, 550.) Section 105(a) is, on its face, a discretionary tool for the courts. The bankruptcy court has the "inherent power to impose sanctions" under appropriate circumstances. (*Chambers v. NASCO*,

Inc., 501 U.S. 32, 46 (1991) However, The bankruptcy court's power to sanction "must be exercised with restraintand discretion." (*Chambers*, 501 U.S. at 44.) Moreover, the imposition of sanctions under Section 105 requires the moving party to demonstrate bad faith conduct by clear and convincing evidence. (*In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002).It is clear from the Motion that Creditor has failed to produce any evidence whatsoever, let alone clear and convincing evidence, to support the request for sanctions under 11 U.S.C. §105.

### B. Contrary to the Requirements of FRBP 9006(d) and LBR 9013-1, Creditor Fails to Provide Any Authenticated and Admissible Evidence to Support the Motion.

Creditor attaches numerous exhibits to the Motion for Sanctions,objections to which have been filed concurrently with this opposition. However, Creditor fails to provide any admissible evidentiary supportfor the Motion. Before filing evidentiary support for a motion, an attorney has an obligation under Rule 9011(b)(3) to determine that the evidence is admissible, or at least that there is a good faith argument for its admissibility.(*In re Cabrera-Mejia*, 402 BR 335, 345 (C.D. Cal. 2008).) When a motion is supported by affidavit, the affidavit shall be served with the motion. (FRBP 9006(d).) Additionally, LBR 9013-1(c)(3) requires any documentary evidence submitted in support of a motion to be properly authenticated.

Contrary to these requirements, the Motion filed by Creditor lacks any evidentiary support. In affirming the imposition of sanctions under Rule 9011, the 9th Circuit found that imposition of sanctions was soundly based upon examination of deposition transcripts. (*In re Rainbow*, 136 B.R. 545, 550.) Here, there is no such evidence upon which to make any examination or determination.The factual contentionsinvolved in any motion, opposition or other response to a motion, or reply papers, mustbe presented, heard, and determined upon declarations and other written evidence. (LBR 9013-1(i).)Here, there is no basis for a determination of the factual contentions of bad faith given the utter lack of supporting declarations or other written evidence.

The motion is no more than a rambling compilation of allegations attached to several unauthenticated, and thus inadmissible, documents. (Shaghzo Decl. ¶3.) In fact, as addressed further below, the only declarationsfiled in support of the Motion merely attempt to show the amount of time spent by Creditor's counsel in connection with the pending State Court Action and Debtor's Bankruptcy cases. (Shaghzo Decl. ¶4.) Creditor makes no attempt whatsoever to

authenticate any of the exhibits filed with the Motion. SinceCreditor has failed to offer any admissible evidence in support of the merits of the Motion, the Motion must be denied.

### C. The Subsequently filed Declarations do not Remedy Creditor's Failure to Submit Admissible Evidence in Support of the Motion.

When a motion is supported by affidavit, the affidavit shall be served with the motion. (FRBP 9006(d).) Creditor failed to file any affidavit or declaration concurrently with the filing of the Motion. The Motion was filed on April 28, 2011. (Shaghzo Decl. ¶4.) One week later, on May 5, 2011, for unknown and unexplained reasons, Creditor's counsel served by fax to Pegazus counsel and filed declarations of Filippo Marchino and Sina Maghoudi purportedly in support of the Motion. (Shaghzo Decl. ¶4.) However, the declarations only attested to the amount of time the declarants had spent in dealing with the pending State Court Action and the Bankruptcy cases filed by Debtor. (Shaghzo Decl. ¶4.) They make no effort to support the alleged merits of the Motion or to authenticate any documents attached to the Motion. (Shaghzo Decl. ¶4.) Thus, it is clear, that even considering the subsequently filed declarations, Creditor hasfailed to include any admissible written evidence supporting the Motion.

### D. Creditors' Motion Does Not Satisfy the Requirements of LBR 9004 as to Form.

Aside from the lack of evidentiary support provided for the Motion, the Motion itself fails to comply with the requisite form and format set forth in LBR 9004. A paper filed or lodged withthe court and any exhibit thereto must comply with the form and formatrequirements contained in the Court Manual available from the clerk and on thecourt's website. (LBR 9004-1.) The Court Manual provides that a paper filed or lodged with the court and any exhibit hereto must comply with the form and format requirements set forth therein. (Court Manual Section 2.5(b)(1).

As is clear from the face of the Motion, Creditor has wholly failed to comply with these requirements. The Motion fails to include the required Table of Contents and Table of Authorities. (LBR 9013-2(b)(3).) Additionally, Creditor served the 75 page Motion by fax, more than 60 pages in excess of the limitation provided in LBR 9013-4(f). Creditor has failed to consecutively number the pages, including exhibits, or to cite in the Motion to each exhibit by page number. (Court Manual Section 2.5(d).)Additionally, the Motion is not printed on pleading

paper as required by Court Manual 2.5(b)(1)(B). In addition to the many deficiencies addressed herein, Creditor failed to redact Pegazus' financial account numbers indicated on the checks and banking statements attached to the Motion. (FRCP 5.2; Court Manual Section 3.6(a)(4).) In addition to the lacking evidentiary support, the Motion should be denied for the complete failure to comply with the form and format requirements clearly set forth in the FRBP, LBR and Court Manual.

### 3. CONCLUSION

Based on the foregoing, it is clear that the motion fails to offer any evidence in support of its alleged merits, in violation of both the Federal and Local Bankruptcy Rules. For these reasons Debtor Pegazus Sports and Marketing Consultant, Inc. prays that the Court deny Creditor's Motion for Sanctions in its entirety.

Dated: May 16, 2011                    Respectfully submitted,

**Shaghzo & Shaghzo Law Firm, APC**

By: _____
Armen Shaghzo, Esq.
Attorney for Debtor Pegazus Sports and
Marketing Consultant, Inc.

## DECLARATION OF ARMEN SHAGHZO

I, Armen Shaghzo, declare as follows:

1. I am an attorney at law duly licensed to practice law in the state of California and in the United States Bankruptcy Court for the Central District of California. I am the attorney of record for Debtor Pegazus Sports Marketing and Consultant, Inc. in its pending Chapter 7 case. The matters stated herein are so stated upon personal knowledge, and if called as a witness I could and would competently testify thereto.

2. I have received and reviewed the pending Motion for Sanctions (hereinafter "Motion") filed by Sina Maghsoudi and X-Law Group, P.C. which was filed on April 28, 2011.

3. The Motion was not filed with any declarations or affidavits offered in support of the Motion. The Motion also lacks declarations or affidavits offered to authenticate any of the "exhibits" attached to the motion. Among the numerous other procedural deficiencies, the Motion appeared to be no more than a rambling compilation of allegations attached to several stray documents, without any admissible evidence offered in support.

4. On May 5, 2011, I received via fax to my office, declarations of Filippo Marchino and Sina Maghoudi in purported support of the Motion. The declarations were served one week after Creditor's filing and serving the Motion. Upon review, the declarations only attested to the amount of time the declarants had spent in dealing with the pending State Court Action and the Bankruptcy cases filed by Debtor. They make no effort to support the alleged merits of the Motion or to authenticate any documents attached to the Motion.

5. Without any admissible evidence or authenticated documents to support the alleged merits of the motion, it consists of nothing more than unsupported and salacious allegations against Pegazus and myself.

6. Based upon the foregoing, I hereby respectfully request that this court deny the Creditor motion for sanctions in its entirety.

I DECLARE UNDER PENALTY OR PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated on this 16th day of May, 2011, in Glendale, California

_____
Armen Shaghzo

DEBTOR PEGAZUS SPORTS MARKETING AND CONSULTANT, INC.'S OPPOSITION
TO MOTION FOR SANCTIONS - 7

| In re: | | CHAPTER: 7 |
|---|---|---|
| Pegazus Sports Marketing and Consultant, Inc. | Debtor(s). | CASE NUMBER: 2:11-bk-24929 |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
100 W. Broadway, Suite 540
Glendale, CA 91210

A true and correct copy of the foregoing document described as __DEBTOR'S PEGAZUS SPORTS MARKETING AND CONSULTANT, INC.'S OPPOSITION TO CREDITOR'S MOTION FOR SANCTIONS__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 17, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**United States Trustee (LA)**
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017
ustpregion16.la.ecf@usdoj.gov

**Elissa Miller (TR)**
SulmeyerKupetz
333 S Hope St
35th fl
Los Angeles, CA 90071
213-626-2311
CA71@ecfcbis.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **May 16, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Action Seating, Inc.
c/o Filippo Marchino, Esq.
Law Offices of Filippo Marchino
633 W. 5th Street, Suite 2629
Los Angeles, CA 90071

Gene Hammett
c/o James R. Moriarty, Esq.
Moriarty Leyendecker, PC
4203 Montrose, Suite 150
Houston, TX 77006

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    9013-3.1.PROOF.SERVICE

| In re: | | CHAPTER 7 |
|---|---|---|
| **Pegazus Sports Marketing and Consultant, Inc.** | Debtor(s). | CASE NUMBER **2:11-bk-** 24929 |

Michael M. Amir, Esq.
DOLL AMIR & ELEY, LLP
1888 Century Park East, Suite 1106
Los Angeles, CA 90067

Sina Maghsoudi, Esq.
633 West 5th Street, 26th Floor
Los Angeles, CA 90071

David Bunevacz
6625 Granada Drive
Palmdale, CA 93551

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 17, 2011**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Action Seating, Inc.
c/o Filippo Marchino, Esq.
Law Offices of Filippo Marchino
633 W. 5th Street, Suite 2629
Los Angeles, CA 90071
Fax: (213) 226-4691

Gene Hammett
c/o James R. Moriarty, Esq.
Moriarty Leyendecker, PC
4203 Montrose, Suite 150
Houston, TX 77006
Fax: (713) 528-1390

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date **May 16, 2011**    Type Name **Natalie Keshishian**    Signature *[signature]*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 9013-3.1