ARMEN SHAGHZO, Esq. [SBN 178802]
**SHAGHZO & SHAGHZO LAW FIRM**
535 N. Brand Blvd., Suite 210
Glendale, CA 91203
Tel. No.: (818) 241-8887
Fax No.: (818) 241-0035

Attorneys for Debtor,
PEGAZUS SPORTS MARKETING AND CONSULTANT, INC.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:11-bk-24929 PC |
| PEGAZUS SPORTS MARKETING AND CONSULTANT, INC. | Chapter 7 |
| | **DEBTOR PEGAZUS SPORTS MARKETING AND CONSULTANT, INC.'S EVIDENTIARY OBJECTIONS TO THE EXHIBITS AND DECLARATIONS SUBMITTED IN CONJUNTION WITH CREDITOR'S MOTION FOR SANCTIONS** |
| | Date: May 31, 2011 |
| | Time: 9:30 A.M. |
| | Ctrm: 1539 |
| | [Filed concurrently with Debtor's Opposition to Creditor's Motion for Sanctions] |

DEBTOR PEGAZUS SPORTS MARKETING AND CONSULTANT, INC.'S EVIDENTIARY
OBJECTIONS TO THE EXHIBITS AND DECLARATIONS SUBMITTED IN CONJUNTION
WITH CREDITOR'S MOTION FOR SANCTIONS  - 1

Debtor Pegazus Sports Marketing and Consultant, Inc. (hereinafter "Pegazus"), pursuant to Local Bankruptcy Rule 9013-1(1) hereby objects to the evidence submitted in support of Creditor's Motion for Sanctions as set forth below:

**EVIDENCE:**

Exhibit 1 to the Notice of Motion and Motion for Sanctions filed April 28, 2011: letter dated February 16, 2011 from The X-Law Group, P.C.

**OBJECTION:**

Hearsay (Fed. R. Evid 802); Lack of authentication (Fed. R. Evid. 901); Lack of foundation (Fed. R. Evid. 602). The exhibit is not properly authenticated and no foundation has been laid for its introduction into evidence. Creditor fails to include a declaration authenticating the exhibit or providing the requisite foundation for the exhibit. Moreover, because the exhibit is being offered to prove conduct which Creditor believes demonstrates bad faith, it constitutes impermissible hearsay to which no exception applies.

**EVIDENCE:**

Exhibit 2 to the Notice of Motion and Motion for Sanctions filed April 28, 2011: April 4, 2011 Order and Notice of Dismissal for Failure to Appear at 341(a) in Bankruptcy Case No. 2:11-bk-15987-TD Meeting of Creditors

**OBJECTION:**

Lack of authentication (Fed. R. Evid. 901); Lack of foundation (Fed. R. Evid. 602). The exhibit is not properly authenticated and no foundation has been laid for its introduction into evidence. Creditor fails to include a declaration authenticating the exhibit or providing the requisite foundation for the exhibit. Additionally, the document as presented is not a self-authenticating document as set forth in Fed. R. Evid. 902.

DEBTOR PEGAZUS SPORTS MARKETING AND CONSULTANT, INC.'S EVIDENTIARY OBJECTIONS TO THE EXHIBITS AND DECLARATIONS SUBMITTED IN CONJUNTION WITH CREDITOR'S MOTION FOR SANCTIONS  - 2

**EVIDENCE:**

Exhibit 3 to the Notice of Motion and Motion for Sanctions filed April 28, 2011: Statement of Financial Affairs in the matter of In re Pegazus Sports Marketing and Consultant, Inc., Bankruptcy Case No. 2:11-bk-15987-TD.

**OBJECTION:**

Lack of authentication (Fed. R. Evid. 901); Lack of foundation (Fed. R. Evid. 602). The exhibit is not properly authenticated and no foundation has been laid for its introduction into evidence. Creditor fails to include a declaration authenticating the exhibit or providing the requisite foundation for the exhibit. Additionally, the document as presented is not a self-authenticating document as set forth in Fed. R. Evid. 902.

**EVIDENCE:**

Exhibit 4 to the Notice of Motion and Motion for Sanctions filed April 28, 2011: Excerpt of a bankruptcy schedule.

**OBJECTION:**

Lack of authentication (Fed. R. Evid. 901); Lack of foundation (Fed. R. Evid. 602); Best Evidence Rule (Fed. R. Evid. 1002). The exhibit is not properly authenticated and no foundation has been laid for its introduction into evidence. Creditor fails to include a declaration authenticating the exhibit or providing the requisite foundation for the exhibit. Additionally, the document as presented is not a self-authenticating document as set forth in Fed. R. Evid. 902. Moreover, this document is incomplete.

**EVIDENCE:**

Exhibit 5 to the Notice of Motion and Motion for Sanctions filed April 28, 2011: Debtor's checks and bank records.

**OBJECTION:**

Lack of authentication (Fed. R. Evid. 901); Lack of foundation (Fed. R. Evid. 602); Best Evidence Rule (Fed. R. Evid. 1002). The exhibit is not properly authenticated and no foundation has been laid for its introduction into evidence. Creditor fails to include a declaration authenticating the exhibit or providing the requisite foundation for the exhibit. Creditor also fails to comply with Fed. R. Civ. P. 5.2 and failed to redact the financial account numbers from the documents. Moreover, the page which purports to be a bank statement is incomplete.

**EVIDENCE:**

Exhibit 6 to the Notice of Motion and Motion for Sanctions filed April 28, 2011: Debtor's checks and bank records.

**OBJECTION:**

Lack of authentication (Fed. R. Evid. 901); Lack of foundation (Fed. R. Evid. 602); Best Evidence Rule (Fed. R. Evid. 1002). The exhibit is not properly authenticated and no foundation has been laid for its introduction into evidence. Creditor fails to include a declaration authenticating the exhibit or providing the requisite foundation for the exhibit. Creditor also fails to comply with Fed. R. Civ. P. 5.2 and failed to redact the financial account numbers from the documents. Moreover, the page which purports to be a bank statement is incomplete.

**EVIDENCE:**

Exhibit 7 to the Notice of Motion and Motion for Sanctions filed April 28, 2011: Bank records.

**OBJECTION:**

Lack of authentication (Fed. R. Evid. 901); Lack of foundation (Fed. R. Evid. 602); Best Evidence Rule (Fed. R. Evid. 1002). The exhibit is not properly authenticated and no foundation has been laid for its introduction into evidence. Creditor fails to include a declaration authenticating the exhibit or providing the requisite foundation for the exhibit. Creditor also fails

to comply with Fed. R. Civ. P. 5.2 and failed to redact the financial account numbers from the documents. Moreover, the page which purports to be a bank statement is incomplete.

**EVIDENCE:**

Exhibit 8 to the Notice of Motion and Motion for Sanctions filed April 28, 2011: Bank records.

**OBJECTION:**

Lack of authentication (Fed. R. Evid. 901); Lack of foundation (Fed. R. Evid. 602); Best Evidence Rule (Fed. R. Evid. 1002). The exhibit is not properly authenticated and no foundation has been laid for its introduction into evidence. Creditor fails to include a declaration authenticating the exhibit or providing the requisite foundation for the exhibit. Creditor also fails to comply with Fed. R. Civ. P. 5.2 and failed to redact the financial account numbers from the documents. Moreover, the page which purports to be a bank statement is incomplete.

**EVIDENCE:**

Exhibit 9 to the Notice of Motion and Motion for Sanctions filed April 28, 2011: Bank records.

**OBJECTION:**

Lack of authentication (Fed. R. Evid. 901); Lack of foundation (Fed. R. Evid. 602); Best Evidence Rule (Fed. R. Evid. 1002). The exhibit is not properly authenticated and no foundation has been laid for its introduction into evidence. Creditor fails to include a declaration authenticating the exhibit or providing the requisite foundation for the exhibit. Creditor also fails to comply with Fed. R. Civ. P. 5.2 and failed to redact the financial account numbers from the documents. Moreover, the page which purports to be a bank statement is incomplete.

**EVIDENCE:**

Exhibit 10 to the Notice of Motion and Motion for Sanctions filed April 28, 2011: Bank records.

**OBJECTION:**

Lack of authentication (Fed. R. Evid. 901); Lack of foundation (Fed. R. Evid. 602); Best Evidence Rule (Fed. R. Evid. 1002). The exhibit is not properly authenticated and no foundation has been laid for its introduction into evidence. Creditor fails to include a declaration authenticating the exhibit or providing the requisite foundation for the exhibit. Creditor also fails to comply with Fed. R. Civ. P. 5.2 and failed to redact the financial account numbers from the documents. Moreover, the page which purports to be a bank statement is incomplete.

**EVIDENCE:**

Exhibit 11 to the Notice of Motion and Motion for Sanctions filed April 28, 2011: An electronic print out of a document purporting to be David Bunevacz's daughter's Facebook page.

**OBJECTION:**

Hearsay (Fed. R. Evid 802); Lack of authentication (Fed. R. Evid. 901); Lack of foundation (Fed. R. Evid. 602). The exhibit is not properly authenticated and no foundation has been laid for its introduction into evidence. Creditor fails to include a declaration authenticating the exhibit or providing the requisite foundation for the exhibit. Moreover, because the exhibit is being offered to prove conduct which Creditor believes demonstrates bad faith, it constitutes impermissible hearsay to which no exception applies.

**EVIDENCE:**

Exhibit 12 to the Notice of Motion and Motion for Sanctions filed April 28, 2011: Bank records.

**OBJECTION:**

Lack of authentication (Fed. R. Evid. 901); Lack of foundation (Fed. R. Evid. 602); Best Evidence Rule (Fed. R. Evid. 1002). The exhibit is not properly authenticated and no foundation has been laid for its introduction into evidence. Creditor fails to include a declaration authenticating the exhibit or providing the requisite foundation for the exhibit. Creditor also fails

1  to comply with Fed. R. Civ. P. 5.2 and failed to redact the financial account numbers from the
2  documents. Moreover, the page which purports to be a bank statement is incomplete.

**EVIDENCE:**

Exhibit 13 to the Notice of Motion and Motion for Sanctions filed April 28, 2011: Online article.

**OBJECTION:**

Hearsay (Fed. R. Evid 802); Lack of authentication (Fed. R. Evid. 901); Lack of foundation (Fed. R. Evid. 602). The exhibit is not properly authenticated and no foundation has been laid for its introduction into evidence. Creditor fails to include a declaration authenticating the exhibit or providing the requisite foundation for the exhibit. Moreover, because the exhibit is being offered to prove conduct which Creditor believes demonstrates bad faith, it constitutes impermissible hearsay to which no exception applies.

**EVIDENCE:**

Exhibit 14 to the Notice of Motion and Motion for Sanctions filed April 28, 2011: Excerpt of Deposition Transcript.

**OBJECTION:**

Hearsay (Fed. R. Evid 802); Lack of authentication (Fed. R. Evid. 901); Lack of foundation (Fed. R. Evid. 602). The excerpt further fails to comply with the requirements for offering deposition testimony as set forth in LBR 7030-1. The exhibit is not properly authenticated and no foundation has been laid for its introduction into evidence. Creditor fails to include a declaration authenticating the exhibit or providing the requisite foundation for the exhibit. Moreover, because the exhibit is being offered to prove conduct which Creditor believes demonstrates bad faith, it constitutes impermissible hearsay to which no exception applies. Additionally, the excerpt of the transcript is clearly marked CONFIDENTIAL ATTORNEY'S EYES ONLY and there is no statement regarding any agreement on the part of the deponent or counsel that the

confidential designation is no longer applicable. In addition to the unauthenticated transcript, the exhibits included therewith have no basis for establishing their admissibility or foundation. Finally, it is impossible to glean from the incomplete excerpt provided, who or what testimony is being offered or the context for which the testimony is offered.

**EVIDENCE:**

Declaration of Filippo Marchino filed May 5, 2011 in support of the Notice of Motion and Motion for Sanctions filed April 28, 2011.

**OBJECTION:**

The declaration was filed more than one week after the Notice of Motion and Motion for Sanctions, contrary to LBR 9006(d) which provides that when a motion is supported by affidavit, the affidavit shall be served with the motion. Therefore, the declaration is untimely and should not be considered in support of the Motion for Sanctions.

**EVIDENCE:**

Declaration of Sina Maghsoudi filed May 5, 2011 in support of the Notice of Motion and Motion for Sanctions filed April 28, 2011.

**OBJECTION:**

The declaration was filed more than one week after the Notice of Motion and Motion for Sanctions, contrary to LBR 9006(d) which provides that when a motion is supported by affidavit, the affidavit shall be served with the motion. Therefore, the declaration is untimely and should not be considered in support of the Motion for Sanctions.

For the foregoing reasons, Debtor respectfully requests that the court sustain all of the above objections to Creditor's evidence in ruling on Creditor's Motion for Sanctions.

DEBTOR PEGAZUS SPORTS MARKETING AND CONSULTANT, INC.'S EVIDENTIARY OBJECTIONS TO THE EXHIBITS AND DECLARATIONS SUBMITTED IN CONJUNTION WITH CREDITOR'S MOTION FOR SANCTIONS  - 8

///

Dated: May 16, 2011                    Respectfully submitted,

                                              **Shaghzo & Shaghzo Law Firm, APC**

By: _____  For Armen Shaghzo, Esq.
Armen Shaghzo
Attorney for DebtorPegazus Sports and
Marketing Consultant, Inc.

---

DEBTOR PEGAZUS SPORTS MARKETING AND CONSULTANT, INC.'S EVIDENTIARY OBJECTIONS TO THE EXHIBITS AND DECLARATIONS SUBMITTED IN CONJUNTION WITH CREDITOR'S MOTION FOR SANCTIONS  - 9

| In re: | CHAPTER: **7** |
|---|---|
| **Pegazus Sports Marketing and Consultant, Inc.** | |
| Debtor(s). | CASE NUMBER: **2:11-bk-24929** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**100 W. Broadway, Suite 540**
**Glendale, CA 91210**

A true and correct copy of the foregoing document described as **DEBTOR'S PEGAZUS SPORTS MARKETING AND CONSULTANT, INC.'S EVIDENTIARY OBJECTIONS TO THE EXHIBITS AND DECLARATIONS SUBMITTED IN CONJUNTION WITH CREDITOR'S MOTION FOR SANCTIONS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 17, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**United States Trustee (LA)**
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017
ustpregion16.la.ecf@usdoj.gov

**Elissa Miller (TR)**
SulmeyerKupetz
333 S Hope St
35th fl
Los Angeles, CA 90071
213-626-2311
CA71@ecfcbis.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **May 16, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Action Seating, Inc.
c/o Filippo Marchino, Esq.
Law Offices of Filippo Marchino
633 W. 5th Street, Suite 2629
Los Angeles, CA 90071

Gene Hammett
c/o James R. Moriarty, Esq.
Moriarty Leyendecker, PC
4203 Montrose, Suite 150
Houston, TX 77006

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010* **9013-3.1.PROOF.SERVICE**

| In re: |  | CHAPTER 7 |
|---|---|---|
| Pegazus Sports Marketing and Consultant, Inc. | Debtor(s). | CASE NUMBER 2:11-bk-24929 |

Michael M. Amir, Esq.
DOLL AMIR & ELEY, LLP
1888 Century Park East, Suite 1106
Los Angeles, CA 90067

Sina Maghsoudi, Esq.
633 West 5th Street, 26th Floor
Los Angeles, CA 90071

David Bunevacz
6625 Granada Drive
Palmdale, CA 93551

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 17, 2011**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Action Seating, Inc.
c/o Filippo Marchino, Esq.
Law Offices of Filippo Marchino
633 W. 5th Street, Suite 2629
Los Angeles, CA 90071
Fax: (213) 226-4691

Gene Hammett
c/o James R. Moriarty, Esq.
Moriarty Leyendecker, PC
4203 Montrose, Suite 150
Houston, TX 77006
Fax: (713) 528-1390

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date **May 16, 2011**    Type Name **Natalie Keshishian**    Signature _[signature]_

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                          F 9013-3.1