The X-Law Group, P.C.
Damon Rogers, Esq. (SBN 263853)
633 W. 5th Street, 26th Floor, Suite 2629
Los Angeles, CA 90071
Tel: 213-223-2232
Fax: 213-226-4691

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

IN RE:

PEGAZUS SPORTS MARKETING AND CONSULTANT, INC.

Debtor(s).

Case No.: 2:11-bk-14929-PC

Chapter 7

**REPLY BRIEF ON CREDITOR'S MOTION FOR SANCTIONS**

Judge: Peter Carroll
Date:   5/31/2011
Time:   9:30
Place:  Courtroom 1539

CREDITOR'S REPLY TO OPPOSITION TO MOTION FOR SANCTIONS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## INTRODUCTION

Debtor and its attorney Mr. Shaghzo fail to address the merits of Creditor's sanctions motion and instead attempt to avoid sanctions for their outrageous conduct by relying on inadvertent procedural defects in Creditor's original motion. Specifically, Debtor and Mr. Shaghzo allege that the evidence supporting the motion was not properly authenticated. Attached to this reply brief is the Declaration of Damon Rogers, attesting to the authenticity of each and every exhibit attached to the original sanctions motion. (See Rogers Declaration, ¶ 6.) Although the certification page attesting to the validity of the bank records was inadvertently omitted, a certification page was provided authenticating the deposition transcript and the exhibit attached to that transcript. (See Rogers Declaration, ¶ 7.)

Despite being aware of these same voluminous bank records proving bankruptcy fraud, Debtor and Mr. Shaghzo still have not corrected the fraudulent schedules omitting millions of dollars in non-ordinary course of business transfers. (See Rogers Declaration, ¶ 10.) Additionally, <u>after</u> the sanctions motion was filed and <u>after</u> Debtor and Mr. Shaghzo filed their opposition to this motion, Mr. Bunevacz <u>again failed to appear</u> at the first 341 meeting on this newest bankruptcy action, which is the **third** such 341 meeting at which Mr. Bunevacz has failed to appear. (See Rogers Declaration, ¶ 11.) The motion for sanctions should be granted against debtor and Mr. Shaghzo, as these fraudulent bankruptcy filings, which could have been avoided if Mr. Shaghzo had heeded the warnings of Creditor's attorneys, have needlessly cost Creditors thousands of dollars and improperly delayed the non-bankruptcy action.

## II

## STATEMENT OF FACTS

Debtor and counsel have now filed <u>two</u> fraudulent bankruptcy petitions, omitting millions of dollars in non-ordinary course of business transfers. Both petitions were filed for improper purposes. The <u>first</u> bankruptcy petition was filed as a skeletal petition on a Friday afternoon

before the Monday morning deposition of a material witness in the non-bankruptcy action. (Rogers Declaration, ¶ 12.) As addressed in the sanctions motion, Creditor's attorneys specifically informed Debtor's attorney Mr. Shaghzo in a letter and a telephone call that Creditor's attorneys had voluminous bank records of Debtor proving fraud and that the first skeletal bankruptcy petition was filed for improper purposes. (Rogers Declaration, ¶ 13.) Despite these warnings, Debtor's attorney filed schedules omitting millions of dollars in non-ordinary course of business transfers and listing only $100 in assets for Debtor. (Rogers Declaration, ¶ 14.) Debtor failed to appear at <u>both</u> 341 meetings for the first bankruptcy case, as did Debtor's counsel. (Rogers Declaration, ¶ 15.) Debtor's counsel failed to inform Creditor's counsel that they would not be appearing and also failed to send an appearance attorney to either 341 meeting. (Rogers Declaration, ¶ 16.) After failing to appear at the first 341 meeting, Debtor and its attorney filed an ex parte application seeking a continuance of the second 341 meeting. (Rogers Declaration, ¶ 17.) When that motion was denied, Mr. Bunevacz and Debtor's attorney failed to appear at the second 341 meeting, the case was dismissed for failure to appear and the automatic stay was lifted by order of this Court. (Rogers Declaration, ¶ 18.)

Creditor's attorneys immediately thereafter notified Debtor's attorney in the non-bankruptcy action that Creditor intended to seek an order from the trial court in the non-bankruptcy action reinstating all previous motion and hearing dates that were vacated only as a result of the automatic stay put in place by Debtor's filing of the first bankruptcy action. (Rogers Declaration, ¶ 19.) Debtor thereafter filed a <u>second</u> bankruptcy petition. (Rogers Declaration, ¶ 20.)

Upon receiving notification of this second bankruptcy petition, Creditor's attorneys filed a Motion to Lift the Automatic Stay on the second bankruptcy action, arguing that the bankruptcy petition, like the previous petition, was filed in bad faith and for the improper purpose of delaying and hindering the non-bankruptcy action. (Rogers Declaration, ¶ 21.) Debtor and its attorneys then filed an Opposition to Debtor's Motion to Lift the Automatic Stay. (Rogers Declaration, ¶ 22.) In that Opposition, Debtor and his attorneys argued that neither of the two bankruptcy filings

were made in bad faith and that Mr. Bunevacz has "**every intention of appearing for the Meeting of the Creditors** in this new case." (Exhibit C; Rogers Declaration, ¶ 23.) Despite these contentions, Mr. Bunevacz **again failed to appear** at the first 341 meeting in the instant bankruptcy case. (Rogers Declaration, ¶ 24.) Although Debtor's attorney finally appeared at the third 341 meeting, this was after having received the instant motion requesting monetary sanctions based on the totality of the conduct of Mr. Bunevacz and Debtor's counsel, conduct which has improperly delayed the non-bankruptcy action and needlessly cost Creditor and his attorneys thousands of dollars in costs litigating these two fraudulent bankruptcy filings. (Rogers Declaration, ¶ 25.)

### III

### ARGUMENT

#### A

#### All of the Exhibits Attached to the Sanctions Motion were True and Accurate Copies of the Originals

There were 14 exhibits attached to Creditors sanctions motion. **All of the exhibits attached to the motion were true and correct copies of the originals**. (Rogers Declaration, ¶ 6.) Exhibit 1 was a true and correct copy of a letter from Creditor's counsel to Debtor's bankruptcy attorney Mr. Shaghzo, and to Debtor's attorney in the non-bankruptcy action Mr. Macias. Exhibit 2 was a true and correct copy of the order of the bankruptcy court dismissing Debtor's first bankruptcy case for failure to appear at multiple 341 meetings. Exhibits 3 and 4 were true and correct copies of portions of the statement of financial affairs filed by Debtor and its counsel. Exhibits 5, 6, 7, 8, 9, 10 and 12 were all bank records of Debtor Pegazus Sports Marketing & Consultant, Inc. Exhibit 11 was a true and correct copy of relevant portions of the Facebook page of Hayca Bunevacz, who is Mr. Bunevacz's daughter. Exhibit 13 was a true and correct copy of an article Creditor's attorneys discovered on the internet discussing Mr. Bunevacz and his wife being forced out of a previous company for improper financial conduct. Exhibit 14 was a true and correct copy of portions of the Deposition of David Bunevacz taken in the non-

1 bankruptcy action, Los Angeles Superior Court case number BC432901, taken on November 12, 2010.

For clarity, attached hereto as Exhibit A is a true and correct copy of the certification page attesting to the authenticity of the portions of the deposition transcript and the corresponding exhibit 5 to that deposition transcript which were marked as exhibit 14 to the sanctions motion. (See Rogers Declaration, ¶ 8.) Also, attached hereto as Exhibit B is a true and correct copy of the Declaration of the Deposition Officer attesting to the authenticity of the bank records which were attached to the sanctions motion as exhibits 5, 7, 8, 9, 10 and 12. (See Rogers Declaration, ¶ 7.) Additionally, attached as Exhibit 6 to the sanctions motion was true and correct copies of portions of Pegazus' bank records turned over by Debtor to Creditor in the non-bankruptcy action pursuant to that court's December 20, 2010 order. (See Rogers Declaration, ¶ 8.) The bank records which were marked as Exhibits 5, 6, 7, 8, 9, 10 and 12 to the sanctions motion were in fact true and correct copies of the bank records of Debtor Pegazus Sports Marketing & Consultant, Inc. (See Rogers Declaration, ¶ 8.)

In short, all of the exhibits that were attached to the sanctions motion are true and correct copies of the original documents. Further, the outrageous conduct of Mr. Bunevacz and Mr. Shaghzo, addressed above and in the sanctions motion, cannot be swept under the rug by the inadvertent omission of a certification page for bank records which Debtor's attorney was warned demonstrate fraud. Instead, Mr. Shaghzo and Debtor failed to correct those fraudulent schedules, failed to appear at multiple 341 hearings, filed the bankruptcy petitions for improper purposes, at the same time completely ignoring the warnings of Creditor's counsel and costing Creditor and his attorneys thousands of dollars in litigation costs. The motion for sanctions should be granted and sanctions should be awarded on behalf of Creditor against Debtor and its attorney Mr. Shaghzo.

B

Additional Conduct after the Sanctions Motion was Filed

After the sanctions motion was filed, Debtor and Mr. Shaghzo filed an Opposition to Creditor's Motion to Lift the Automatic Stay. (Rogers Declaration, ¶ 26.) In that opposition, Mr.

1  Shaghzo stated that the bankruptcy filings were made in good faith and that Mr. Bunevacz had
2  "**every intention of appearing for the Meeting of the Creditors** in this new case." (Rogers
3  Declaration, ¶ 27.) Despite these assertions, Mr. Bunevacz **again failed to appear at the 341**
4  **meeting**. (Rogers Declaration, ¶ 28.) This was the **third** 341 meeting in a row at which Mr.
5  Bunevacz failed to appear. (Rogers Declaration, ¶ 29.) Although Mr. Shaghzo appeared at this
6  latest 341 meeting, he failed to attend the previous two 341 meetings and also failed to send an
7  appearance attorney or notify Creditor's attorneys that he would not be appearing. (Rogers
8  Declaration, ¶ 30.) Additionally, the fraudulent bankruptcy schedules still have not been corrected
9  despite Debtor's attorney being fully aware of the problems with those schedules. (Rogers
10 Declaration, ¶ 31.) Creditor and Creditor's attorneys have been subjected to two separate
11 fraudulent bankruptcy filings intended to stall and hinder the non-bankruptcy action, have had to
12 appear at three separate 341 hearings and prepare numerous motions for each of those hearings,
13 with a fourth 341 meeting now scheduled, and have spent considerable time and expense litigating
14 these fraudulent bankruptcy cases, all as set forth in the declarations of Creditor's attorneys filed
15 in support of the sanctions motion. (Rogers Declaration, ¶ 32.) For the reasons stated herein and
16 in the sanctions motion, this Court should award sanctions to Creditor against Debtor and its
17 attorney Mr. Shaghzo.
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

# VI

# CONCLUSION

Based on the foregoing, Creditor respectfully requests that this Court grant the sanctions motion against Debtor Pegazus Sports Marketing & Consultant, Inc., and its attorney, Armen Shaghzo.

Dated: 5/24/11

RESPECTULLY SUBMITTED,

THE X-LAW GROUP, P.C.

By: [signature]
Damon Rogers, Esq.
Attorneys for Creditor

Law Offices of Filippo Marchino
633 W. 5th St, 26th Floor, Suite 2629
Los Angeles, California 90071
Tel 213.223.2232 | Fax 213.226.4691

7
CREDITOR'S REPLY TO OPPOSITION TO MOTION FOR SANCTIONS

# DECLARATION OF DAMON ROGERS

I, Damon Rogers, hereby declare that:

1. I am an attorney licensed to practice law in the Central District of the United States District and Bankruptcy Courts, as well as in all courts in the State of California.

2. I am an attorney with The X-Law Group, P.C., counsel for Creditors Gene Hammett and Action Seating, Inc. in this bankruptcy case filed by Debtor Pegazus Sports Marketing & Consultant, Inc.

3. This bankruptcy case (2:11-bk-24929) is currently assigned to the Honorable Peter H. Carroll, Chief Judge of the U.S. Bankruptcy Court, Central District.

4. Our firm also represents Mr. Hammett and Action Seating in the non-bankruptcy action which is currently pending in the Los Angeles Superior Court, case number BC432901.

5. This declaration is in support of Creditor's sanctions motion which is currently pending in this bankruptcy action with a pending motion hearing date of May 31, 2011.

6. Attached to the sanctions motion were 14 exhibits. All of those exhibits that were attached to the sanctions motion are true and correct copies of the originals.

    a. **Exhibit 1** was a true and correct copy of a letter sent on February 16, 2011, from Creditor's counsel to Debtor's bankruptcy attorney Mr. Shaghzo, and to Debtor's attorney in the non-bankruptcy action Mr. Macias.

    b. **Exhibit 2** was a true and correct copy of the April 4, 2011 order of the bankruptcy court dismissing Debtor's first bankruptcy case for failure to appear at multiple 341 meetings.

    c. **Exhibits 3 and 4** were true and correct copies of portions of the statement of financial affairs filed by Debtor and its counsel.

    d. **Exhibits 5, 6, 7, 8, 9, 10 and 12** were all bank records of Debtor Pegazus Sports Marketing & Consultant, Inc.

    e. **Exhibit 11** was a true and correct copy of relevant portions of the Facebook page of Hayca Bunevacz, who is Mr. Bunevacz's daughter.

    f. **Exhibit 13** was a true and correct copy of an article Creditor's attorneys discovered on the internet discussing Mr. Bunevacz and his wife being forced out of a previous company for improper financial conduct.

g. **Exhibit 14** was a true and correct copy of portions of the Deposition of David Bunevacz taken in the non-bankruptcy action, Los Angeles Superior Court case number BC432901, taken on November 12, 2010.

7. Although the certification page attesting to the validity of the bank records was inadvertently omitted, a certification page was provided authenticating the deposition transcript and the exhibit attached to that transcript.

8. Attached hereto and marked as **Exhibit A** is a true and correct copy of the certification page attesting to the authenticity of the portions of the deposition transcript and the corresponding exhibit 5 to that deposition transcript which were marked as exhibit 14 to the sanctions motion.

9. Attached hereto and marked as **Exhibit B** is a true and correct copy of the "Declaration of Deposition Officer" attesting to the authenticity of the bank records attached as Exhibits 5, 7, 8, 9, 10 and 12 to the sanctions motion. Additionally, Exhibit 6 to the sanctions motion is a true and correct copy of two pages of Debtor's bank records, Bates-stamped pages 628 and 641, turned over by Debtor to Creditor's counsel in the non-bankruptcy action pursuant to the trial court's December 20, 2010 order that Debtor's bank records turn them over in discovery.

10. Despite being aware of these same voluminous bank records proving bankruptcy fraud, Debtor and Mr. Shaghzo still have not corrected the fraudulent schedules omitting millions of dollars in non-ordinary course of business transfers.

11. Additionally, <u>after</u> the sanctions motion was filed and <u>after</u> Debtor and Mr. Shaghzo filed their opposition to this motion, Mr. Bunevacz <u>again failed to appear</u> at the first 341 meeting on this newest bankruptcy action, which is the **third** such 341 meeting at which Mr. Bunevacz has failed to appear.

12. The <u>first</u> bankruptcy petition was filed as a skeletal petition on a Friday afternoon before the Monday morning deposition of a material witness in the non-bankruptcy action.

13. As addressed in the sanctions motion, Creditor's attorneys specifically informed Debtor's attorney Mr. Shaghzo in a letter and a telephone call that Creditor's attorneys had voluminous bank records of Debtor proving fraud and that the first skeletal bankruptcy petition was filed for improper purposes.

14. Despite these warnings, Debtor's attorney filed schedules omitting millions of dollars in non-ordinary course of business transfers and listing only $100 in assets for Debtor.

15. Debtor failed to appear at <u>both</u> 341 meetings for the first bankruptcy case, as did Debtor's counsel.

16. Debtor's counsel failed to inform Creditor's counsel that they would not be appearing and also failed to send an appearance attorney to either 341 meeting.

17. After failing to appear at the first 341 meeting, Debtor and its attorney filed an ex parte application seeking a continuance of the second 341 meeting.

18. When that motion was denied, Mr. Bunevacz and Debtor's attorney failed to appear at the second 341 meeting, the case was dismissed for failure to appear and the automatic stay was lifted by order of this Court.

19. Creditor's attorneys immediately thereafter notified Debtor's attorney in the non-bankruptcy action that Creditor intended to seek an order from the trial court in the non-bankruptcy action reinstating all previous motion and hearing dates that were vacated only as a result of the automatic stay put in place by Debtor's filing of the first bankruptcy action.

20. Debtor thereafter filed a <u>second</u> bankruptcy petition.

21. Upon receiving notification of this second bankruptcy petition, Creditor's attorneys filed a Motion to Lift the Automatic Stay on the second bankruptcy action, arguing that the bankruptcy petition, like the previous petition, was filed in bad faith and for the improper purpose of delaying and hindering the non-bankruptcy action.

22. Debtor and its attorneys then filed an Opposition to Debtor's Motion to Lift the Automatic Stay.

23. In that Opposition, Debtor and his attorneys argued that neither of the two bankruptcy filings were made in bad faith and that Mr. Bunevacz has "**<u>every intention of appearing for the Meeting of the Creditors</u>** in this new case." Attached hereto as Exhibit C is a true and correct copy of the relevant portion of that opposition.

24. Despite these contentions, Mr. Bunevacz **<u>again failed to appear</u>** at the first 341 meeting in the instant bankruptcy case.

25. Although Debtor's attorney finally appeared at the third 341 meeting, this was after having received the instant motion requesting monetary sanctions based on the totality of the

conduct of Mr. Bunevacz and Debtor's counsel, conduct which has improperly delayed the non-bankruptcy action and needlessly cost Creditor and his attorneys thousands of dollars in costs litigating these two fraudulent bankruptcy filings.

26. After the sanctions motion was filed, Debtor and Mr. Shaghzo filed an Opposition to Creditor's Motion to Lift the Automatic Stay.

27. In that opposition, Mr. Shaghzo stated that the bankruptcy filings were made in good faith and that Mr. Bunevacz had "**every intention of appearing for the Meeting of the Creditors** in this new case."

28. Despite these assertions, Mr. Bunevacz **again failed to appear at the 341 meeting**.

29. This was the **third** 341 meeting in a row at which Mr. Bunevacz failed to appear.

30. Although Mr. Shaghzo appeared at this latest 341 meeting, he failed to attend the previous two 341 meetings and also failed to send an appearance attorney or notify Creditor's attorneys that he would not be appearing.

31. Additionally, the fraudulent bankruptcy schedules still have not been corrected despite Debtor's attorney being fully aware of the problems with those schedules.

32. Creditor and Creditor's attorneys have been subjected to two separate fraudulent bankruptcy filings intended to stall and hinder the non-bankruptcy action, have had to appear at three separate 341 hearings and prepare numerous motions for each of those hearings, with a fourth 341 meeting now scheduled, and have spent considerable time and expense litigating these fraudulent bankruptcy cases, all as set forth in the declarations of Creditor's attorneys filed in support of the sanctions motion.

I declare, under penalty of perjury of the laws of the United States of America, that the foregoing is true and correct, and that this declaration was executed on May 24, 2011, at Los Angeles, California.

Damon Rogers, Esq.

11
CREDITOR'S REPLY TO OPPOSITION TO MOTION FOR SANCTIONS

# EXHIBIT A

CONFIDENTIAL ATTORNEY'S EYES ONLY

Page 336

1  STATE OF CALIFORNIA    ) ss:

2  COUNTY OF LOS ANGELES  )

3

4         I, KELLIE MITCHELL, C.S.R. No. 7273, do

5  hereby certify:

6

7         That the foregoing deposition testimony of

8  DAVID BUNEVACZ was taken before me at the time and

9  place therein set forth, at which time the witness

10 was placed under oath and was sworn by me to tell

11 the truth, the whole truth, and nothing but the

12 truth;

13        That the testimony of the witness and all

14 objections made by counsel at the time of the

15 examination were recorded stenographically by me,

16 and were thereafter transcribed under my direction

17 and supervision, and that the foregoing pages

18 contain a full, true and accurate record of all

19 proceedings and testimony to the best of my skill

20 and ability.

21        I further certify that I am neither

22 counsel for any party in said action, nor am I

23 related to any party to said action, nor am I in any

24 way interested in the outcome thereof.

25

A&B REPORTING                                    213 223-2121

Case 2:11-bk-24929-PC    Doc 25    Filed 05/24/11    Entered 05/24/11 22:52:09    Desc
Main Document    Page 14 of 20
CONFIDENTIAL ATTORNEY'S EYES ONLY

Page 337

1

2

3

4

5       IN WITNESS WHEREOF, I have subscribed my name

6   this 20th day of November, 2010.

7

8

9

10   *Kellie Mitchell*

11       KELLIE MITCHELL, C.S.R. No. 7273

12

13

14

15

16

17

18

19

20

21

22

23

24

25

A&B REPORTING                                              213 223-2121

# EXHIBIT B

# SoCal Subpoena Services LLC

115 Pine Avenue, Suite 320, Long Beach, California, 90802
T: (562) 987-3700 | F: (562) 436-0220
Email: Info@SoCalSubpoena.com | Website: www.SoCalSubpoena.com

| LOCATION: | Bank of America, National Association |
|---|---|

## DECLARATION OF DEPOSITION OFFICER
## AFFIDAVIT OF PROFESSIONAL PHOTOCOPIER
Pursuant to Section 22462 of California Business and Professions Code

On November 12, 2010, a Subpoena was served in connection with a matter entitled David Bunevacz v. Action Seating, Inc., Los Angeles County Superior Court Case No. BC432901.

I am the duly authorized Deposition Officer requested in that Subpoena, and I have the authority to certify these records.

I hereby declare that the attached are true and complete copies of all records which were provided to SoCal Subpoena Services LLC on February 7, 2011.

The specific records requested in that Subpoena were kept under the custody and control of SoCal Subpoena Services LLC, and true and correct copies were provided to counsel of record in this matter. The records accompanying this declaration are true and correct copies of all the records requested in that Subpoena that were produced to SoCal Subpoena Services LLC by Bank of America, National Association.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 11, 2011, at Long Beach, California.

---
Signature of Deposition Officer for
**SoCAL SUBPOENA SERVICES LLC**
Professional Photocopier Registration Number X-373
Registered in Los Angeles County, California

# EXHIBIT C

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION.

Debtor Pegazus Sports and Marketing Consultants, Inc. (hereafter the "Debtor" or "Pegazus") opposes this Motion to Lift the Automatic Stay. Movants erroneously represented that there is a trial date scheduled for July 13, 2011 which is not true since the State Court vacated all future trial dates and trial related hearings. Debtor Pegazus is not financially viable, and thus it is unable to continue to incur the expenses of state court litigation.

The Debtor filed for protection under Chapter 7 of the United States Bankruptcy code on February 11, 2011. The case number is 2:11-bk-15897-TD. David Bunevacz, (hereinafter referred to as "Bunevacz") the Debtor's sole director and shareholder, was out of the state and thus unable to appear for the Meeting of Creditors set pursuant to §341. Pegazus did attempt to continue the hearing with the US. Bankruptcy Trustee and sought judicial relief through an *Ex Parte* Application which this Court denied. Unfortunately, there was no way for Bunevacz to appear for the meeting of creditors on behalf of the Debtor corporation and the case was dismissed on April 4, 2011.

The Debtor then **immediately** re-filed its bankruptcy on April 6, 2011 and has every intention of appearing for the Meeting of Creditors in this new case. Neither the initial bankruptcy nor the current bankruptcy filings were made in bad faith, and there is no evidence to the contrary.

In this case Movants are praying for two kinds of relief:

1. Relief from Stay to proceed in State Court;

2. Injunctive relief against the officer and principals of the Debtor's shareholder and other members of his family with a Section 109(g) bar, ( a highly prejudicial injunctive request) without any legal and factual basis.

### 2. STATEMENT OF FACTS.

In 2008 David Bunevacz offered for sale released blocks of tickets to the 2008 Summer Olympics in Beijing to Gene Hammett and his company Action Seating without issue. As such, David Bunevacz and his company Pegazus Sports And Marketing Consultants, Inc. (hereafter the

4/28/11 - 2:11-bk-24929

## ATTACHMENT TO PROOF OF SERVICE

### (Motion for Sanctions)

United States Trustee LA(via email)

Ustpregion16.la.ecf@usdoj.gov

Elissa Miller (TR) (via email)

CA71@ecfcbis.com

MillerTrustee@Sulmeyerlaw.com;

emiller@ecf.epiqsystems.com

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 633 W. 5th Street, Suite 2686, Los Angeles, CA 90012

A true and correct copy of the foregoing document described as  Reply Brief on Creditor's Motion for Sanctions

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 5/24/11 , I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

The Honorable Peter H. Carroll (via personal delivery to chambers)    Armen Shaghzo (via email and fax)
255 East Temple Street, Suite 1534/Courtroom 1539                      100 W. Broadway, Suite 540, Glendale, CA 91210
Los Angeles, CA 90012                                                   (818) 241-0035 (fax)  AS@Shaghzolaw.com

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/24/11 | Anabel Rodriguez | /S/ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                         F 9013-3.1.PROOF.SERVICE